OPINION OF THE COURT
Albert H. Buschmann, J.
This motion for an injunction and cross motion for dismissal are made in an action for a declaratory judgment, injunction and damages in reliance upon section 226-b of the Real Property Law. Procedurally, the action has been commenced in an irregular fashion, service of a summons and order to show cause with supporting affidavits, thus incorporating some of the attributes of a motion for summary judgment under CPLR 3213 and bearing some resemblance to a special proceeding. These defects in form, however, must be overlooked if jurisdiction has been obtained over the parties. (CPLR 103, subd [c].)
Defendant asserts that service was not validly made because the summons was served “in a manner calculated to conceal and physically mask notice of the pendency” of the action. There is no indication of what kind of entity the defendant, North Shore Towers, is but defendant concedes that the person served, Alicia T. Vogel, is the managing agent of defendant and the proper person to be served. *645 Thus, the question is one of due process and not whether the technical requirements of the CPLR were met.
In Matter of Nationwide Mut. Ins. Co. (Monroe) (75 AD2d 765-766), cited by defendant, the court stated that “[d]ue process requires that the notice be served in such a manner as to apprise the interested party of the pendency of the proceedings and afford an opportunity to resist or present objections.” This the papers served herein certainly did. While the summons was not the most prominent document among those served on defendant, the order to show cause clearly indicated that a summons was to be served simultaneously and that was, in fact, done. Moreover, the order to show cause and supporting papers clearly give notice of the subject matter at issue. Therefore, the defendant’s claim that the service of the summons was inadequate to meet the demands of due process is without merit.
Where jurisdiction has been obtained over the parties, the court must make whatever order is necessary for the proper prosecution of a judicial proceeding brought in improper form. (CPLR 103, subd [c].) In the case at bar, the supporting affidavit annexed to the order to show cause sufficiently sets forth the contention of the plaintiff and it shall be deemed the complaint. (Town of Islip Town Committee of Conservative Party of N. Y. State v Leo, 71 AD2d 624.) In this form, the action can proceed in the normal course.
Defendant moves for dismissal of the complaint for failure to state a cause of action. (CPLR 3211, subd [a], par [7].) Plaintiff contends that section 226-b of the Real Property Law creates a right in the tenant to sublet her apartment when the landlord unreasonably rejects a properly presented application to sublet. The defendant does not deny that the premises in question are subject to the statute or that an application was submitted in accordance with the statute. Assuming for the purposes of this motion that the allegations of the complaint are correct (219 Broadway Corp. v Alexander’s, Inc., 46 NY2d 506), the question before the court is whether the plaintiff has a right to compel the landlord’s consent to the sublease or is she merely given the option of retaining the apartment or being released from the lease.
*646 The leading case interpreting section 226-b of the Real Property Law is Conrad v Third Sutton Realty Co. (81 AD2d 50) decided by the Appellate Division, First Department. In that case the facts were somewhat similar to those in the case at bar. The tenant had applied to her landlord for permission to sublease her apartment. Her request was refused without comment by the landlord who simultaneously offered to permit the tenant to terminate her lease. The court held that in failing to give any valid reason for rejecting the sublease, the landlord was deemed to have given his consent pursuant to section 226-b of the Real Property Law. In the case at bar, however, the landlord did give a reason for his refusal, to wit, that the Legislature did not intend to permit a subletting in the plaintiff’s situation. This court is aware that some courts have interpreted the decision in Conrad v Third Sutton Realty Co. (supra) to apply in cases such as this. (See, e.g., Bragar v Berkeley Assoc. Co., Ill Misc 2d 333; Medina v Brabert Realty, 114 Misc 2d 816.)
The Conrad case and its progeny have inspired a host of litigation leading the courts in the First Department, in an endeavor to comply with the spirit of the Conrad case, to engage in all sorts of convoluted gyrations culminating in the most recent decision in Fox v 85th Estates Co. (119 Misec 2d 331). It is true that the Appellate Division, First Department, in Vance v Century Apts. Assoc. (93 AD2d 701) stated that the statute was not intended to create a new class of landlords in holding that a tenant could not permanently vacate an apartment and compel the landlord to consent to a subletting so that the tenant may retain the benefits of a prospective co-operative conversion. However, despite the foregoing, the obvious intent of the statute has been distorted and its perspective strained. The cases have generated a new species of landlord-tenant relationships resulting in a multiplicity of litigation and creating situations whereby tenants are acquiring apartments and transferring their interest therein while residing elsewhere.
The Vance case (supra), while obviously intended as a partial retrenchment of earlier views, invites a host of new litigation in which the courts will be required to explore *647 the intentions of the prime tenant to determine the validity of the transfer of the tenant’s interest in the demised accommodations.
We have also considered the extended analysis of the subject statute in Kruger v Page Mgt. Co. (105 Misc 2d 14) and find it wanting because of a misplaced emphasis upon the language of the statute.
A brief consideration of the obvious intent of the statute should be stated. Prior to the passage of the afore-mentioned statute, it was a fundamental principle of law that a landlord was under no obligation to mitigate damages when a tenant vacated an apartment during the term of a lease (34 NY Jur, Landlord and Tenant, § 314). (However, see comment in Lefrak v Lambert, 93 Misc 2d 632.) Because of the continuing shortage of housing accommodations, and the circumstance whereby a landlord can maintain a vacant apartment yet nonetheless pursue the tenant for the latter’s obligations under the lease, it is clear that the statute introduces a more equitable economic relationship in landlord-tenant situations by providing a device whereby a tenant may be released from his obligations and place unoccupied apartments into the housing market. The interpretations given to the statute, contrary to its plain language, are to place tenants in a situation in which they retain their domain over rental units in which they have minimal or no economic investment over those of the landlords who generally have a substantial economic investment in the maintenance and enhancement of their properties. The statute was not designed to confer a superior economic advantage upon a tenant vis-á-vis a landlord to compel consent to a transfer of demised accommodations nor was it designed to interfere with the ordinary rights of a landlord to rent housing accommodations subject to the restraints otherwise imposed by the law. The statute is clear. If a tenant wishes to be relieved of his obligations under the tenancy and the landlord has unreasonably withheld consent to a transfer of tenant’s interest, the tenant may unequivocably be released upon request.
It is unwarranted to depart from the obvious intent of the statute to give it a meaning different from its plain language (McKinney’s Cons Laws of NY, Book 1, Statutes, *648 § 94). In the case at bar, it is clear that the defendant has complied with the relevant provisions of the statute and cannot be deemed to have given its consent.
As already indicated, to the extent that the views expressed herein are contrary to those cases in the First Department, we decline to follow them.
Plaintiff’s motion for an injunction is denied and the defendant’s cross motion to dismiss his complaint is granted.