■ JULIA FEGER et al., Appellants, v SETH GOLDBERG et al., Respondents. (And a Third-Party Action.) [673 NYS2d 194] —In an action to recover damages for medical malpractice, etc., the plaintiffs appeal from a judgment of the Supreme Court, Queens County (Lonschein, J.), entered March 24, 1997, which, upon the granting of the defendants' motion for judgment as a matter of law pursuant to CPLR 4401, made at the close of the plaintiffs' case, is in favor of the defendants and against them, dismissing the action.

Ordered that the judgment is reversed, on the law and the facts, the defendants' motion is denied, and a new trial is granted, with costs to abide the event.

During the trial of this medical malpractice action, the plaintiffs' sole medical expert opined that Dr. Donald Goldberg, in performing a myelogram of the plaintiff Julia Feger whereby a radiographic dye was injected into her spine for diagnostic purposes, deviated from accepted medical standards in numerous respects, one of which was his injecting 10 times the recommended fluid into the spine. The expert arrived at this conclusion based on his calculation that one milliliter was the equivalent of 1/10th of cubic centimeter. The expert concluded that the total of "these deviations" was the proximate cause of the claimed injuries.

After the close of the plaintiffs' case, the court, at defense counsel's request, took judicial notice of the fact that one milliliter equals one cubic centimeter and struck the expert's testimony in its entirety as "incompetent", reasoning that the expert had offered his opinion on proximate causation based on the alleged deviations from accepted medical standards. Having struck the testimony in its entirety, the court then granted the defense counsel's motion for judgment as a matter of law under CPLR 4401, on the basis that without any expert

testimony the plaintiffs failed to establish a prima facie case. We now reverse.

"To be entitled to judgment as a matter of law, the defendant movant has the burden of showing that plaintiff failed to make out a prima facie case; the plaintiff's evidence must be accepted as true, and plaintiff must be given the benefit of every favorable inference which can reasonably be drawn from that evidence (*Nicholas v Reason*, 84 AD2d 915). The motion should be granted only if there is no rational process by which the jury could find for the plaintiff as against the moving defendant (Siegel, NY Prac § 402; 4 Weinstein-Korn-Miller, NY Civ Prac ¶ 4401.05)" (*Hylick v Halweil*, 112 AD2d 400).

Although the court correctly took judicial notice of the miscalculation of the plaintiffs' expert, it incorrectly struck his entire testimony based on that single miscalculation. It is axiomatic that "it is the jury's function to assess conflicting evidence and determine the credibility of the witnesses and the weight to be accorded expert testimony" as well as decide the issue of proximate cause (*Windisch v Weiman*, 161 AD2d 433, 437). In the instant case, the expert testified as to numerous acts of Dr. Goldberg which, in his opinion, constituted deviations from accepted medical practice, only one of which related to dosage. While the plaintiffs' counsel posed his proximate causation question based on "these deviations" as a single group, the court should have instructed the jury of the single miscalculation and stricken only the testimony related thereto. Accordingly, the plaintiffs are entitled to a new trial.

The plaintiffs' remaining contentions lack merit. Bracken, J. P., O'Brien, Copertino and Altman, JJ., concur.