OPINION OF THE COURT
Joan B. Lefkowitz, J.
This application to stay arbitration presents an apparent novel question: Can covered persons recover first-party benefits under no-fault automobile liability insurance when a tree fell on the motor vehicle causing the injuries?[1]
*822 On June 24, 1998, the respondents occupants of the motor vehicle, husband and wife, were driving on a public road when a tree fell and struck their car. Ralph Hilliard, the driver, ultimately died from the injuries suffered in the accident. His spouse, the passenger, was seriously injured. She had an automobile insurance policy with petitioner.
The respondents, Hilliard, have sought arbitration of their no-fault claims. Petitioner has moved to stay arbitration. While the motion to stay arbitration was made beyond the statutory 20-day period (CPLR 7503 [c]), it is not disputed that it is still timely if no agreement to arbitrate a particular claim exists. (Matter of Government Empls. Ins. Co. v Hehl, 203 AD2d 570 [2d Dept 1994].) In short, if no coverage exists, then no agreement to arbitrate exists.
Pursuant to the Comprehensive Automobile Insurance Reparations Act (L 1973, ch 13; now found in Insurance Law art 51), commonly called the No-Fault Law, a “covered person” such as the operator and occupant of an insured motor vehicle (Insurance Law § 5102 |j]) can recover as first-party benefits “basic economic loss” (i.e., medical expenses and loss of earnings up to certain monetary limits: Insurance Law § 5102 [a]) for injuries “arising out of the use or operation of a motor vehicle” (Insurance Law § 5102 [b]; § 5103 [a] [1]) from their automobile liability insurer.
To recover under the standard automobile insurance policy as well as under the no-fault provisions, three rules apply: “ ‘ “1. The accident must have arisen out of the inherent nature of the automobile, as such; 2. The accident must have arisen within the natural territorial limits of an automobile, and the accidental use, loading, or unloading must not have terminated; 3. The automobile must not merely contribute to cause the condition which produces the injury, but must, itself, produce the injury.” ’ ” (Matter of Manhattan & Bronx Surface Tr. Operating Auth. [Gholson], 71 AD2d 1004, 1005 [2d Dept 1979] [injury caused by knife-wielding passenger on bus not subject to no-fault reparation as the motor vehicle was not the “actual instrumentality” which produced the injury]; Goetz v General Acc. Fire & Life Assur. Corp., 47 Misc 2d 67, 69 [App Term, 2d Dept 1965], affd 26 AD2d 635 [2d Dept 1966], affd 19 NY2d 762 [1967] [assault while in automobile not covered]; 6B Appleman, Insurance Law and Practice §§ 4316, 4317.)
While the “use and operation” language in the no-fault statute (Insurance Law § 5102 [b]; § 5103 [a] [1]) is similar to the standard vicarious liability language (Vehicle and Traffic Law *823 § 388 [1]), the two statutes are not necessarily construed the same as they serve different purposes. (Argentina v Emery World Wide Delivery Corp., 93 NY2d 554, 561-563 [1999]; Walton v Lumbermens Mut. Cas. Co., 88 NY2d 211 [1996]; cf., Horney v Tisyl Taxi Corp., 93 AD2d 291 [1st Dept 1983].) Generally, the language would be interpreted liberally in favor of coverage, but it appears clear in New York that the motor vehicle use or operation must be a proximate cause of the accident for no-fault purposes. (70A NY Jur 2d, Insurance, §§ 1779, 1780; 8D Appleman, Insurance Law and Practice § 5171.55; 12 Couch, Insurance 2d, § 45:61; Weitz, The No-Fault Handbook, at 11-16 [1991]; 7 A Am Jur 2d, Automobile Insurance, § 349; 46A CJS, Insurance, § 1603; 22 Causes of Action 111 [1990]; Insurance Policy Liability §§ 8-9 [New York does not have a “but for” rule], at 150; see, McGowan v Marcus, NYLJ, Nov. 8, 1993, at 35, col 1 [Sup Ct, Rockland County]; 1A NY PJI3d 2:249, at 1108-1110.)[2] “Hence, no-fault benefits have been denied and arbitration stayed where the accident does not arise from the intrinsic nature of the vehicle and where the vehicle is neither the proximate cause of the accident nor the actual instrumentality which produces the injury.” (Lancer Ins. Co. v Peterson, 175 AD2d 239, 240 [2d Dept 1991].) Thus, no-fault benefits were denied where airborne particles entered an open window of a motor vehicle injuring the plaintiff as the use of the motor vehicle “was not the proximate cause of his eye injury.” (Sochinski v Bankers & Shippers Ins. Co., 221 AD2d 889 [3d Dept 1995].)
In Walton v Lumbermens Mut. Cas. Co. (88 NY2d 211, supra) and Argentina v Emery World Wide Delivery Corp. (93 NY2d 554, supra) the Court of Appeals explained that the different purposes of the no-fault statute and the vicarious liability statute required different results in interpretation. The no-fault statute was designed to provide an expedient method of recompense provided that the use or operation of the vehicle was a proximate cause of the accident whereas the vicarious liability statute did not provide for expedient redress, was premised on the fault of the operator and was designed to ensure recourse to the financially responsible owner of the vehicle.
While the use or operation of the motor vehicle must be a proximate cause of the accident, that is what occurred at bar. The Hilliards were proceeding on a public roadway when a tree *824 struck their vehicle. The purpose of first-party benefits under no fault is premised on the happening of the automobile accident regardless of fault. It is of no consequence whether the vehicle struck the tree or the tree struck the vehicle. Here, a collision took place between a motor vehicle occupied by the respondents and a tree during the course of the use and operation of the motor vehicle. In the case at bar, the tree struck the moving vehicle and the respondents were struck by the internal portions of the vehicle which collapsed upon them and caused the injuries.
The underlying purpose of the no-fault statute ensures that every automobile accident victim will be compensated for substantially all of his economic loss promptly and without regard to fault. (Matter of Granger v Urda, 44 NY2d 91, 98 [1978]; 70A NY Jur 2d, Insurance, § 1774.) The respondents are automobile accident victims and are entitled to no-fault benefits provided by petitioner Empire Mutual Company for it was the use and operation of their motor vehicle on the day of the accident that was a proximate cause of their injuries, necessitating hospital and medical.treatment and expenses.
Parenthetically, it may be assumed that the decedent was not negligent or, if negligent, that the standard automobile insurance policy herein prohibits coverage for spousal injuries. (Insurance Law § 3420 [g].) Nonetheless, if the accident was not caused by an act of God, the respondents may yet have a remedy against a third-person tortfeasor if notice of a defective condition of the tree existed. (Ivancic v Olmstead, 66 NY2d 349 [1985], cert denied 476 US 1117 [1986]; Harris v Village of E. Hills, 41 NY2d 446 [1977]; Newman v City of Glens Falls, 256 AD2d 1012 [3d Dept 1998]; 4B Warren, Negligence in the New York Courts, Highways, § 67.09 [18]; 5C Warren, Negligence in the New York Courts, Trees, ch 92; Harper, James and Gray, Torts § 27.19 [2d ed]; Prosser and Keeton, Torts § 57, at 390-391 [5th ed]; Restatement [Second] of Torts § 363 [2], comment e, at 259; 27 Personal Injury-Actions-Defenses-Damages, Trees §§ 1.02, 1.03; 1 NY Jur 2d, Adjoining Landowners, § 54; 62A NY Jur 2d, Government Tort Liability, § 104; 85 NY Jur 2d, Premises Liability, §§ 69, 213; Annotation, Tree or Limb Falls Onto Adjoining Private Property: Personal Injury and Property Damage Liability, 54 ALR4th 530 [1987]; Annotation, Liability of Governmental Unit or Private Owner or Occupant of Land Abutting Highway for Injuries or Damage Sustained When Motorist Strikes Tree or Stump on Abutting Land, 100 ALR3d *825 510 [1980]; Annotation, Liability of Governmental Unit for Injuries or Damage Resulting From Tree or Limb Falling Onto Highway From Abutting Land, 95 ALR3d 778 [1979]; 1A NY PJI3d 2:110, and commentary, at 512-513; cf., PJI3d 2:85.)
Additionally, the no-fault insurer has a lien on any recovery from a third-person tortfeasor for first-party benefits paid and may even bring its own action to recover on its lien if the covered person does not. (Insurance Law § 5104 [b]; 70A NY Jur 2d, Insurance, §§ 1813-1816.)
Consequently, since the purpose of the no-fault statute will be advanced by directing arbitration as the accident occurred during use and operation of a motor vehicle and' the injuries were proximately caused by such use and operation, the motion to stay arbitration is denied. (See, Annotation, Automobile Liability Insurance: What Are Accidents or Injuries “Arising Out of Ownership, Maintenance, or Use” of Insured Vehicle, 15 ALR4th 10 [1982].)

. Research has failed to elicit a case directly in point. In 1993,1 presided at a medical malpractice action where the operator of a motor vehicle sued for injuries caused by the physicians after a tree fell on his automobile which caused the original injuries. He was paid basic economic loss by his no-fault carrier which claimed a lien on the potential recovery at the malpractice action. The validity of the lien was not raised or addressed. (See, Fine, No Fault Insurer’s Lien Against Medical Malpractice Recovery, 20 Westchester Bar J 111 [Spring 1993].)

. Presumably, coverage existed as to the property damage to respondents’ vehicle if the usual comprehensive collision policy was in effect. (Woodruff, Fonseca and Squillante, Automobile Insurance and No-Fault Law § 6:8.)