*92 OPINION OF THE COURT
Memorandum.
Order insofar as appealed from unanimously affirmed without costs.
In our opinion, the plaintiff’s motion for summary judgment was properly denied. The issue presented is whether plaintiff is entitled to recover for medical services provided prior to the plaintiffs assignor’s failure to appear for two scheduled independent medical examinations requested by defendant on May 20, 1998 and May 27, 1998, as well as for medical services provided thereafter. A chiropractor who subsequently examined plaintiffs assignor on defendant’s behalf stated that plaintiffs assignor’s injuries have been resolved.
Section 1 of the mandatory personal injury protection endorsement set forth under insurance regulation 11 NYCRR former 65.12 (e) provides in part as follows: “Conditions * * * The eligible injured person shall submit to medical examination by physicians selected by, or acceptable to, the Company, when, and as often as, the Company may reasonably require.”
11 NYCRR former 65.15 (g) (2) (i) and (ii) provides that:
“(i) An insurer may not interrupt the payment of benefits for any element of basic or extended economic loss pending the administering of a medical examination, unless the applicant or the applicant’s attorney is responsible for the delay or inability to schedule the examination, in which case any denial of payment shall be made only in accordance with policy provisions on a prescribed denial of claim form (NYS Form N-F 10).
“(ii) Notwithstanding subparagraph (i) of this paragraph, if the insurer has information which clearly demonstrates that the applicant is no longer disabled, the insurer may discontinue the payment of benefits by forwarding to the applicant a prescribed denial of claim form.”
To decide this motion one must examine the reasons why the No-Fault Insurance Law was created. In Walton v Lumber-mens Mut. Cas. Co. (88 NY2d 211, 214), the Court stated that “[i]ts purposes were to remove the vast majority of claims arising from vehicular accidents from the sphere of common-law tort litigation, and to establish a quick, sure and efficient system for obtaining compensation for economic loss suffered as a result of such accidents.” With the latter goal in mind, the *93 assignor’s failure to appear for independent medical examinations should not, in and of itself, be a bar to plaintiff’s recovery for services rendered prior or subsequent to his failure to appear. Since the plaintiffs assignor eventually appeared for an independent medical examination, a trial is required to determine whether the services rendered were necessary as a result of the injuries suffered by plaintiffs assignor in the accident.
Scholnick, P.J., Aronin and Rios, JJ., concur.