JEAN SANTO, Appellant, v GOVERNMENT EMPLOYEES INSURANCE Co., Also Known as GEICO, Respondent. [819 NYS2d 279]—

In an action to recover no-fault benefits under an insurance contract brought by motion for summary judgment in lieu of complaint pursuant to CPLR 3213, the plaintiff appeals, as limited by her brief, from so much of an order of the Supreme Court, Nassau County (Brennan, J.), dated August 10, 2005, as denied her motion for summary judgment in lieu of complaint.

Ordered that the order is affirmed insofar as appealed from, with costs.

Because the plaintiff's action was not based upon an instrument for the payment of money only, it was improperly commenced by motion for summary judgment in lieu of complaint (*see* CPLR 3213; *New York Cent. Mut. Fire Ins. Co. v Danaher*, 290 AD2d 783, 784 n 3 [2002]; *cf. Hellert v Travelers Ins. Co.*, 52 AD2d 751 [1976]). Nonetheless, since the issues in dispute were fully submitted by the parties, the Supreme Court properly disposed of the motion on the merits (*see* *Schulz v Barrows*, 94 NY2d 624, 628 [2000]; *New York Cent. Mut. Fire Ins. Co. v Danaher, supra*; *see also* CPLR 103 [c]; *Miller v North Shore Towers Assoc.*, 119 Misc 2d 644 [1983]).

With respect to the merits, the plaintiff failed to establish her prima facie entitlement to judgment as a matter of law in connection with her cause of action alleging that the defendant insurer is collaterally estopped from rejecting her claim for no-fault benefits. In order to invoke collateral estoppel against the defendant, the plaintiff must demonstrate that a pending issue was raised, that it was necessarily decided and material in a

prior action, and that the party to be estopped had a full and fair opportunity to litigate the issue in the earlier action (*see Bansbach v Zinn*, 1 NY3d 1, 10 [2003]; *Pinnacle Consultants v Leucadia Natl. Corp.*, 94 NY2d 426, 431-432 [2000]; *Matter of Kleiger-Brown v Brown*, 306 AD2d 482, 483 [2003]; *Airco Alloys Div. v Niagara Mohawk Power Corp.*, 76 AD2d 68, 81-82 [1980]). Here, the underlying liability action was settled, and the issue of whether the accident in which the plaintiff was injured arose from the use and operation of the insured vehicle was never raised or adjudicated. The defendant is thus not estopped from disclaiming an obligation to pay no-fault benefits to the plaintiff on that ground, particularly where the categories of occurrences covered under the liability provisions of the relevant policy are broader than those covered under the no-fault provisions, and there is no evidence in the record that the defendant, by its conduct, made any actual or implied promises that it would provide no-fault coverage (*see Walsh v Prudential Ins. Co. of Am.*, 101 AD2d 988 [1984], *affd* 64 NY2d 1053 [1985]).

In addition, the plaintiff failed to sustain her burden of establishing, as a matter of law, that her accident, which occurred when she slipped and fell on an icy sidewalk while attempting to walk around a parked vehicle owned by the defendant's insured, arose from the use and operation of that vehicle (*see Matter of Transcontinental Ins. Co. v Hampton*, 10 Misc 3d 1056[A], 2005 NY Slip Op 51988[U] [2004]; *Pavone v Aetna Cas. & Sur. Co.*, 91 Misc 2d 658, 661 [1977]; *see generally Walton v Lumbermens Mut. Cas. Co.*, 88 NY2d 211, 215 [1996]; *Matter of New York Cent. Mut. Fire Ins. Co. [Hayden—Allstate Ins. Co.]*, 209 AD2d 927).

The parties' remaining contentions are either academic or without merit. Santucci, J.P., Spolzino, Lifson and Covello, JJ., concur.