■ MILDRED MANUEL, Respondent, v NEW YORK CITY TRANSIT AUTHORITY, Appellant. [918 NYS2d 787]—

The plaintiff was allegedly injured when she fell in a hole in the street while alighting from a bus owned and operated by the defendant, New York City Transit Authority (hereinafter NYCTA). The hole was located at the curbline, next to the sidewalk. The plaintiff alleged that the bus driver parked the bus at an angle, so that the front of the bus was next to the sidewalk and the back of the bus was several feet from the curb. As the plaintiff descended the stairs of the rear exit of the bus,

she stepped down with her left foot into a hole in the ground and fell.

The plaintiff claimed that she did not see the hole before she fell. The bus driver also claimed that he did not see the hole before the accident, because it was near the curb, and he was scanning the street in front of the bus for pedestrians. After a trial on the issue of liability, the jury found that NYCTA was negligent, and that its negligence was a substantial factor in causing the plaintiff's accident. The jury found that the plaintiff was not negligent.

At a trial on the issue of damages, the plaintiff's physician testified that she had suffered a meniscal tear and subchondral bone injury in the left knee, had an abnormal gait, and would require a total knee replacement in 5 to 10 years. NYTCA's physician testified that the plaintiff's left knee was normal, her gait was normal, and that she had no permanent injury or disability. He testified that the alleged meniscal tear was an age-related degenerative change.

Counsel for NYCTA requested at trial that the jury be required to determine whether the plaintiff had sustained a serious injury, pursuant to the No-Fault Insurance Law (*see* Insurance Law § 5102 [d]). The plaintiff's counsel contended that the accident was not the result of the use or operation of a motor vehicle, so that the no-fault provisions did not apply. The plaintiff's counsel noted that NYCTA had denied her claim for first-party benefits. Counsel for NYCTA stated that the reason that no-fault benefits were denied was that NYCTA had no record of the plaintiff's accident. The Supreme Court denied NYCTA's request to charge the jury as to the issue of serious injury.

The jury awarded the plaintiff $250,000 for her past pain and suffering, and $250,000 for her future pain and suffering. The jury also awarded the plaintiff $8,000 for past medical expenses. NYCTA appeals from the judgment entered against it.

Although there was a fair interpretation of the evidence by which the jury could have found that the bus driver should have seen the defect through the proper use of his senses, and was negligent in failing to do so, the judgment must be reversed. As a threshold matter, in an automobile accident personal injury case, the plaintiff is required to plead and prove that he or she sustained a serious injury as defined in the No-Fault Insurance Law (*see* Insurance Law § 5102 [d]; § 5104; *Licari v Elliott*, 57 NY2d 230 [1982]; *Zecca v Riccardelli*, 293 AD2d 31, 33 [2002]). If a plaintiff at a trial on the issue of damages fails to sustain the burden of establishing serious injury, the plaintiff is not

entitled to any recovery despite proof of common-law liability (*see Van Nostrand v Froehlich*, 44 AD3d 54 [2007]). Contrary to the plaintiff's contention, the No-Fault Insurance Law does apply to her accident, as the accident arose out of "the use or operation of a motor vehicle" (Insurance Law § 5104 [a]). Therefore, in order to recover, she was required to establish that she sustained a serious injury within the meaning of Insurance Law § 5102 (d).

For the no-fault statute to apply, the vehicle must be a proximate cause of the injury (*see Walton v Lumbermens Mut. Cas. Co.*, 88 NY2d 211, 215 [1996]). To be a proximate cause of the injury, the use of the motor vehicle must be closely related to the injury (*see Zaccari v Progressive Northwestern Ins. Co.*, 35 AD3d 597 [2006]; *Elite Ambulette Corp. v All City Ins. Co.*, 293 AD2d 643 [2002]). Also, the injury must result from the intrinsic nature of the motor vehicle as such, and the use of the vehicle must do more than merely contribute to the condition which produced it (*see Zaccari v Progressive Northwestern Ins. Co.*, 35 AD3d 597 [2006]; *Republic Long Is., Inc. v Andrew J. Vanacore, Inc.*, 29 AD3d 665 [2006]; *Duroseau v Town of Hempstead*, 117 AD2d 579 [1986]).

Here, the negligent operation of a motor vehicle was the proximate cause of the plaintiff's injuries. The plaintiff's theory of liability is that her injuries resulted from the manner in which the bus driver operated the bus, specifically his positioning of the bus next to a hole in the street when he pulled over at the bus stop. Moreover, this is not a case in which the plaintiff was completely outside of the vehicle when the accident occurred (*see Walton v Lumbermens Mut. Cas. Co.*, 88 NY2d at 215; *Santo v Government Empls. Ins. Co.*, 31 AD3d 525 [2006]; *Elite Ambulette Corp. v All City Ins. Co.*, 293 AD2d 643 [2002]), or in which the plaintiff was the victim of an intentional tort (*see Lancer Ins. Co. v Peterson*, 175 AD2d 239 [1991]; *Locascio v Atlantic Mut. Ins. Co.*, 127 AD2d 746 [1987]; *Matter of Manhattan & Bronx Surface Tr. Operating Auth. [Gholson]*, 71 AD2d 1004 [1979]).

This case is analogous to *Hill v Metropolitan Suburban Bus Auth.* (157 AD2d 93 [1990]). In *Hill*, the plaintiff fell while descending the stairs of the rear exit of a bus, when she tripped on a nail or tile on the bus staircase and fell into a hole in the sidewalk. This Court agreed with the defendant's assertion that the No-Fault Law applied, because the accident arose from the use or operation of a bus (*see Matter of Celona v Royal Globe Ins. Co.*, 85 AD2d 635 [1981]).

NYCTA was not estopped from arguing that the accident arose

from the use or operation of the insured vehicle, as NYCTA never did anything to lead the plaintiff to believe that it would not argue that the accident arose from the use or operation of a motor vehicle (*see Walsh v Prudential Ins. Co. of Am.*, 101 AD2d 988 [1984]). NYCTA stated at trial that first-party benefits had been denied because it had no record of the accident.

The issue of whether the plaintiff had sustained a serious injury within the meaning of the Insurance Law should have been submitted to the jury, as set forth in PJI 2:88A and 2:88F, as requested by NYCTA. It is for a jury to resolve the issues of credibility raised by the conflicting medical opinions (*see Kalpakis v County of Nassau*, 289 AD2d 453 [2001]; *Moreno v Chemtob*, 271 AD2d 585 [2000]; *Feger v Goldberg*, 250 AD2d 727 [1998]).

The matter must be remitted for a new trial on the issue of damages. Specifically, the jury should first be required to determine whether the plaintiff sustained a serious injury pursuant to Insurance Law § 5102 (d).

In light of our determination, it is unnecessary to reach NYCTA's remaining contention. Dillon, J.P., Balkin, Belen and Austin, JJ., concur.