[981 NE2d 281, 957 NYS2d 685]

KENDRA CIVIDANES, Respondent, v CITY OF NEW YORK, Defendant, and MANHATTAN AND BRONX SURFACE TRANSIT OPERATING AUTHORITY et al., Appellants.

Decided November 29, 2012

## APPEARANCES OF COUNSEL

*Lawrence A. Silver*, Brooklyn, and *Wallace D. Gossett*, for appellants.

*Burns & Harris*, New York City (*Blake G. Goldfarb* of counsel), for respondent.

## OPINION OF THE COURT

MEMORANDUM.

The order of the Appellate Division should be affirmed, with costs, and the certified question answered in the affirmative.

■ ■ Plaintiff Kendra Cividanes testified at a General Municipal Law § 50-h hearing that she injured her left ankle when she "stepped off the last step into a hole and fell" as she exited the rear of a bus owned and operated by defendants New York City Transit Authority and Manhattan and Bronx Surface Transit Operating Authority. The Appellate Division properly held that the No-Fault Insurance Law is inapplicable because plaintiff's injury did not arise out of the "use or operation" of a motor vehicle (Insurance Law § 5104 [a]). The "use or operation" of the bus was neither a "proximate cause" nor an "instrumentality" that produced plaintiff's injury (*see Walton v Lumbermens Mut. Cas. Co.*, 88 NY2d 211, 214 [1996] [noting that the No-Fault Insurance Law's scope of coverage should be interpreted to "reflect the Legislature's intent to draw a line between motor vehicle accidents and all other types of torts and to remove only the former from the domain of common-law tort litigation"]). *Manuel v New York City Tr. Auth.* (82 AD3d 1059 [2d Dept 2011]), which held on similar facts that the No-Fault Insurance Law's restrictions on tort liability were applicable, should not be followed.

PIGOTT, J. (dissenting). Plaintiff sued the City of New York, the Manhattan and Bronx Surface Transit Operating Authority and the New York City Transit Authority in negligence, after she stepped in a pothole while alighting from a bus, injuring her ankle. The case against the City of New York was dismissed based upon plaintiff's failure to show prior written notice of the defect. Plaintiff's claim against the Authorities is based upon alleged breach of the duty to stop at a place where she could safely disembark.

The majority, in affirming the Appellate Division's order, holds that the No-Fault Insurance Law is inapplicable because plaintiff's injury did not arise out of the use or operation of a motor vehicle. I disagree and therefore respectfully dissent.

Under the No-Fault Insurance Law, a person is entitled to first-party benefits, from the insurer of the vehicle, for personal injury "arising out of the use or operation" of a motor vehicle in New York (Insurance Law § 5103 [a] [1]; *see also* Insurance Law § 5104 [a]). "The vehicle must be a proximate cause of the injury before the absolute liability imposed by the statute arises" (*Walton v Lumbermens Mut. Cas. Co.*, 88 NY2d 211, 215 [1996]). Where, on the other hand, "the plaintiff's injury was caused by an instrumentality other than the insured vehicle" (*id.* at 214), plaintiff's recourse is tort litigation. Here, plaintiff's

theory against the Authorities is that her injuries resulted from the bus driver's positioning of the bus next to a hole in the street, when stopping the vehicle. In other words, she alleges that her loss was caused by "negligence in the . . . operation of a motor vehicle" (Insurance Law § 5104 [a]). That, in my view, triggers no-fault coverage.

The majority cites—and the Appellate Division relied upon—our decision in *Walton v Lumbermens Mut. Cas. Co.* There, a worker was injured when a "levelator" that he was standing on tipped over. The worker was transferring goods from the bed of his employer's truck to a loading dock that he had backed up to for the purpose of unloading. The levelator was a device, separate from both the truck and the dock, that formed a height-adjustable bridge between the two. There was no allegation that the truck was negligently parked or was in any way a cause of the accident. In fact, the worker "never disputed that the truck itself did not cause his injuries or that the failure of the levelator was the proximate cause of his injuries" (*Walton*, 88 NY2d at 214). We held that if

> "the plaintiff's injury was caused by an instrumentality other than the insured vehicle, liability for the losses sustained are more properly addressed outside the area of no-fault motor vehicle insurance. . . .
>
> "The mere fortuity that plaintiff's injury occurred while he was engaged in unloading the truck does not support a claim for no-fault benefits because the vehicle itself was not a cause of the damage" (*id.* at 214-215).

The present case is clearly distinguishable from *Walton*. In *Walton*, the plaintiff conceded that the cause of his injuries was *not* the truck, but nevertheless tried to recover on the theory that, in unloading the truck, he was using or operating it within the meaning of the No-Fault Insurance Law. Here, by contrast, plaintiff alleges that a proximate cause of her injuries was the bus, i.e., the commonsense position that the bus driver, by stopping where he did, caused her accident. The majority's citation of *Walton* is therefore inapposite. In my view, the correct precedent to apply to the present case is *Manuel v New York City Tr. Auth.* (82 AD3d 1059 [2d Dept 2011]), which held that the no-fault statute applies where, as here, "[t]he plaintiff's theory of liability is that her injuries resulted from the manner in which the bus driver operated the bus, specifically his positioning of

the bus next to a hole in the street when he pulled over at the bus stop" (*id.* at 1061).

I disagree with the majority's position that "[t]he 'use or operation' of the bus was neither a 'proximate cause' nor an 'instrumentality' that produced plaintiff's injury" (majority mem at 926). A bus driver's negligent operation of a bus is regarded as a proximate cause of plaintiff's injury if it was a substantial factor in bringing about that injury. Here, it can be concluded as a matter of law that the operation of the bus was a proximate cause of plaintiff's fall (*see generally Argentina v Emery World Wide Delivery Corp.*, 93 NY2d 554, 560 n 2 [1999], citing *Forte v City of Albany*, 279 NY 416, 422 [1939], and PJI 2:71).

To me, the analysis of this case is straightforward. Plaintiff alleges that her accident was proximately caused by the use or operation of a motor vehicle. Her allegation cannot be refuted as a matter of law. She is therefore entitled to seek basic economic loss coverage under the No-Fault Insurance Law and must prove serious injury as defined in that statute in order to recover for noneconomic loss (Insurance Law § 5104 [a]).

Chief Judge LIPPMAN and Judges CIPARICK, GRAFFEO and READ concur; Judge PIGOTT dissents in an opinion in which Judge SMITH concurs.

On review of submissions pursuant to section 500.11 of the Rules of the Court of Appeals (22 NYCRR 500.11), order affirmed, with costs, and the certified question answered in the affirmative, in a memorandum.