■ NORMA GONZALEZ, Appellant, v AMERICAN COMMERCE INSURANCE COMPANY, Respondent. [2 NYS3d 199]—

In an action, inter alia, to recover no-fault benefits under a policy of automobile insurance, the plaintiff appeals from an order of the Supreme Court, Suffolk County (Molia, J.), dated September 5, 2013, which denied her motion for summary judgment on the complaint and granted that branch of the defendant's cross motion which was for summary judgment dismissing the complaint.

Ordered that the order is affirmed, with costs.

The plaintiff, who had been a passenger in her husband's vehicle, fell while exiting the vehicle after her husband had parked the vehicle on the street in front of their home. She allegedly injured her knee as a result of the fall. The plaintiff submitted an application for no-fault benefits to the defendant under the automobile insurance policy issued to the plaintiff and her husband. The defendant denied her claim on the ground that the injury did not arise out of the use or operation of a motor vehicle.

The plaintiff commenced this action against the defendant to recover, inter alia, no-fault benefits under the subject insurance policy. The plaintiff moved for summary judgment on the complaint. The defendant cross-moved for summary judgment dismissing the complaint, or, in the alternative, to dismiss the second, third, and fourth causes of action. The Supreme Court denied the plaintiff's motion and granted that branch of the defendant's cross motion which was for summary judgment dismissing the complaint.

Section 5103 of the Insurance Law, part of the "Comprehensive Motor Vehicle Insurance Reparations Act," which pertains to the entitlement to first-party benefits, provides, in relevant

part, that a person is entitled to first-party benefits from the insurer of a vehicle "for loss arising out of the use or operation . . . of such motor vehicle" (Insurance Law § 5103 [a] [1]). Where a plaintiff's injuries from an accident were produced other than as a result of the use or operation of the vehicle itself, no-fault first-party benefits are not available (see Cividanes v City of New York, 20 NY3d 925, 926 [2012]; Walton v Lumbermens Mut. Cas. Co., 88 NY2d 211, 214 [1996]). "Any other rule would permit recovery for claims based on back strains, slip-and-fall injuries, and other similar injuries occurring while the vehicle is being used but which are wholly unrelated to its use" (Walton v Lumbermens Mut. Cas. Co., 88 NY2d at 215).

Here, the plaintiff failed to establish her prima facie entitlement to judgment on the complaint as a matter of law (see id. at 216; see also Cividanes v City of New York, 20 NY3d at 926). The plaintiff testified at her examination under oath, the transcript of which she submitted in support of her motion, that she simply fell while exiting the subject vehicle and that her knee "gave way." Moreover, the plaintiff's affidavit similarly indicated that she just fell without attributing her accident to the use or operation of the subject vehicle.

The defendant, however, established, prima facie, that the plaintiff's alleged injuries did not arise from the use or operation of a vehicle (see Walton v Lumbermens Mut. Cas. Co., 88 NY2d at 216; Hammond v GMAC Ins. Group, 56 AD3d 882, 883 [2008]; Santo v Government Empls. Ins. Co., 31 AD3d 525, 526 [2006]; Sullivan v Barry Scott Agency, Inc., 23 AD3d 889, 890 [2005]; see also Cividanes v City of New York, 20 NY3d at 926). In support of its cross motion, in addition to the transcript of the plaintiff's examination under oath, the defendant submitted the plaintiff's application for no-fault benefits and her signed statement concerning the circumstances of the accident, in which she consistently described the accident as occurring when her right knee "buckled" while she was getting out of the car, causing her to fall to the ground. In opposition, the plaintiff failed to raise a triable issue of fact.

Accordingly, the Supreme Court properly denied the plaintiff's motion for summary judgment on the complaint and properly granted that branch of the defendant's cross motion which was for summary judgment dismissing the complaint. Skelos, J.P., Austin, Roman and LaSalle, JJ., concur.