■ ROLANDO OCASIO, JR., Appellant, v NEW YORK CITY TRANSIT AUTHORITY, Respondent, et al., Defendant. [20 NYS3d 655]—

In an action to recover damages for personal injuries, the plaintiff appeals from an order of the Supreme Court, Queens County (Gavrin, J.), entered April 1, 2014, which granted the motion of the defendant New York City Transit Authority for summary judgment dismissing the complaint on the ground that the plaintiff did not sustain a serious injury within the meaning of Insurance Law § 5102 (d) as a result of the subject accident.

Ordered that the order is affirmed, with costs.

The plaintiff alleges that he fell while attempting to board a bus owned and operated by the defendant New York City Transit Authority (hereinafter the NYCTA) when his foot

slipped off the edge of the entrance platform of the bus. He alleges that the platform was too high for him to safely step onto the bus, and that the bus driver was negligent in failing to lower the bus into a kneeling position so that he could board.

Contrary to the plaintiff's contention, the Supreme Court properly determined that he was required to establish that he had sustained a "serious injury" within the meaning of Insurance Law § 5102 (d), since it is clear that the accident arose out of the "use or operation" of the bus (Insurance Law § 5104 [a]; *see Walton v Lumbermens Mut. Cas. Co.*, 88 NY2d 211, 213 [1996]; *cf. Cividanes v City of New York*, 20 NY3d 925, 926 [2012]). Furthermore, the NYCTA established its prima facie entitlement to judgment as a matter of law by submitting the plaintiff's deposition testimony and the affirmed medical report of its examining physician, which demonstrated that the plaintiff did not sustain a serious injury (*see Toure v Avis Rent A Car Sys.*, 98 NY2d 345, 352 [2002]; *Gaddy v Eyler*, 79 NY2d 955, 956-957 [1992]; *Staff v Yshua*, 59 AD3d 614 [2009]). In opposition, the plaintiff failed to raise a triable issue of fact. Accordingly, the Supreme Court properly granted the NYCTA's motion for summary judgment dismissing the complaint on the ground that the plaintiff did not sustain a serious injury within the meaning of Insurance Law § 5102 (d) as a result of the subject accident.

The plaintiff's remaining contentions either are not properly before this Court or need not be reached in light of our determination. Balkin, J.P., Austin, Miller and Hinds-Radix, JJ., concur.