Matter of New York City Tr. Auth. v Physical Medicine & Rehab of NY PC (2018 NY Slip Op 01260)





Matter of New York City Tr. Auth. v Physical Medicine & Rehab of NY PC


2018 NY Slip Op 01260


Decided on February 22, 2018


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on February 22, 2018

Tom, J.P., Kapnick, Webber, Oing, JJ.


5796N 453014/15

[*1] In re New York City Transit Authority, Petitioner-Appellant,
v
Physical Medicine & Rehab of NY PC, as Assignee of Valerie Mathis, Respondent-Respondent.


Foley, Smit, O'Boyle & Weisman, Hauppauge (Aaron E. Meyer of counsel), for appellant.



Order and judgment (one paper), Supreme Court, New York County (Manuel J. Mendez, J.), entered on or about December 18, 2015, denying the petition to, among other things, vacate a master arbitration award, dated August 15, 2015, which affirmed an arbitrator's award granting respondent no-fault insurance benefits, unanimously affirmed, without costs.
Petitioner's application to vacate the award pursuant to CPLR 7511, or for de novo review (see 11 NYCRR 65-4.10[h]), was properly denied because the award "had evidentiary support, a rational basis, and was not arbitrary and capricious" (Matter of Global Liberty Ins. Co. v Coastal Anesthesia Servs., LLC, 145 AD3d 644, 645 [1st Dept 2016]).
Contrary to petitioner's arguments, the facts of this case are distinguishable from those in Cividanes v City of New York (20 NY3d 925 [2012]), in which the Court of Appeals found that benefits were not available under the no-fault Insurance Law because the plaintiff's injury did not arise out of the "use or operation of a motor vehicle" (Insurance Law § 5104[a]). In that case, the plaintiff exited a stopped bus and fell when she stepped into a hole in the street. The Court determined that the bus was neither a "proximate cause" nor an "instrumentality" that produced her injury (id. at 926 [internal quotation marks omitted]; see also Walton v Lumbermens Mut. Cas. Co., 88 NY2d 211 [1996]).
Here, the bus driver activated the lift device of the bus to assist Valerie Mathis when she boarded the bus. Subsequently, when she was exiting the bus, the bus driver refused to activate the lift device or to lower the bus. As a result, she was forced to place her walker out in the street, and then fell over while attempting to exit the bus.
Thus, the arbitrator and master arbitrator rationally found that the bus was a "proximate cause" of the injury and that the accident involved the "use or operation" of a motor vehicle within the meaning of Insurance Law § 5104(a).
To the extent petitioner seeks de novo review, it does not dispute the arbitrators' fact-findings and we find no basis for departing from the arbitrators' rational rulings.
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: FEBRUARY 22, 2018
CLERK