Skefalidis v China Pagoda NY, Inc. (2022 NY Slip Op 06511)

Skefalidis v China Pagoda NY, Inc.

2022 NY Slip Op 06511

Decided on November 16, 2022

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on November 16, 2022
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

BETSY BARROS, J.P.
VALERIE BRATHWAITE NELSON
CHERYL E. CHAMBERS
LILLIAN WAN, JJ.

2021-03063
 (Index No. 514677/20)

[*1]Katherine Skefalidis, respondent, 
v
China Pagoda NY, Inc., et al., defendants, Bio Energy Development, Inc., appellant (and a third-party action).

James F. Butler, Jericho, NY (Kathleen E. Fioretti of counsel), for appellant.
Georgaklis & Mallas, PLLC, Brooklyn, NY (Gregory S. Lombardi of counsel), for respondent.
Farber Brocks & Zane LLP, Garden City, NY (Lester Chanin of counsel), for defendant China Pagoda NY, Inc.

DECISION & ORDER
In an action to recover damages for personal injuries, the defendant Bio Energy Development, Inc., appeals from an order of the Supreme Court, Kings County (Mark I. Partnow, J.), dated April 1, 2021. The order denied that defendant's motion pursuant to CPLR 3211(a)(7) to dismiss the amended complaint insofar as asserted against it.
ORDERED that the order is affirmed, with costs.
On September 28, 2017, the plaintiff allegedly was injured when she tripped and fell over a hose on the sidewalk in front of premises owned by the defendant 6918 5th Avenue Corp. The hose allegedly was attached to a parked truck owned by the defendant Bio Energy Development, Inc. (hereinafter Bio Energy), and extended across the sidewalk to a restaurant at the premises operated by the defendant China Pagoda NY, Inc. Thereafter, the plaintiff commenced this action to recover damages for personal injuries. Bio Energy moved pursuant to CPLR 3211(a)(7) to dismiss the amended complaint insofar as asserted against it. In an order dated April 1, 2021, the Supreme Court denied the motion, and Bio Energy appeals.
"'When a party moves to dismiss a complaint pursuant to CPLR 3211(a)(7), the standard is whether the pleading states a cause of action, not whether the proponent of the pleading has a cause of action. In considering such a motion, the court must accept the facts as alleged in the complaint as true, accord plaintiffs the benefit of every possible favorable inference, and determine only whether the facts as alleged fit within any cognizable legal theory'" (Polite v Marquis Marriot Hotel, 195 AD3d 965, 966-967, quoting Sokol v Leader, 74 AD3d 1180, 1180-1181).
Here, accepting the facts as alleged in the amended complaint as true, and according the plaintiff the benefit of every possible favorable inference (see Leon v Martinez, 84 NY2d 83, 87-88), the amended complaint sufficiently alleged a negligence cause of action against Bio Energy. Contrary to the Bio Energy's contention, the Supreme Court properly determined that the plaintiff [*2]was not required to allege that she sustained a serious injury within the meaning of Insurance Law § 5102(d) to recover damages for personal injuries against Bio Energy. The amended complaint sufficiently alleged that the No-Fault Insurance Law was inapplicable on the theory that the "use or operation" of Bio Energy's truck was not a proximate cause of the plaintiff's injuries (Insurance Law § 5103[a][1]; see Insurance Law § 5104[a]; Cividanes v City of New York, 20 NY3d 925, 926; Walton v Lumbermens Mut. Cas. Co., 88 NY2d 211, 213-215).
Accordingly, the Supreme Court properly denied Bio Energy's motion pursuant to CPLR 3211(a)(7) to dismiss the amended complaint insofar as asserted against it.
BARROS, J.P., BRATHWAITE NELSON, CHAMBERS and WAN, JJ., concur.
ENTER:
Maria T. Fasulo
Clerk of the Court