M.J. v City of New York (2025 NY Slip Op 04897)

M.J. v City of New York

2025 NY Slip Op 04897

Decided on September 10, 2025

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on September 10, 2025
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

MARK C. DILLON, J.P.
DEBORAH A. DOWLING
BARRY E. WARHIT
LAURENCE L. LOVE, JJ.

2024-06398
 (Index No. 501434/21)

[*1]M.J., etc., et al., respondents, 
vCity of New York, et al., appellants, et al., defendant.

Morris Duffy Alonso Faley & Pitcoff, New York, NY (Iryna S. Krauchanka, Kevin G. Faley, and Andrea M. Alonso of counsel), for appellants.
Rubenstein & Rynecki, Brooklyn, NY (Kliopatra Vrontos and Michael Kesselman of counsel), for respondents.

DECISION & ORDER
In an action to recover damages for personal injuries, etc., the defendants City of New York, New York City Department of Education, and Fortuna Bus Company, Inc., appeal from an order of the Supreme Court, Kings County (Anne J. Swern, J.), dated May 30, 2024. The order, insofar as appealed from, denied those defendants' motion for summary judgment dismissing the complaint insofar as asserted against them.
ORDERED that the order is affirmed insofar as appealed from, with costs.
The plaintiff, individually and as mother and natural guardian of the infant, commenced this action, inter alia, to recover damages for personal injuries that the infant plaintiff allegedly sustained when the infant plaintiff fell while boarding a school bus. The defendants City of New York, New York City Department of Education, and Fortuna Bus Company, Inc. (hereinafter collectively the defendants), moved for summary judgment dismissing the complaint insofar as asserted against them on the ground that the infant plaintiff did not sustain a serious injury within the meaning of Insurance Law § 5102(d) as a result of the subject accident. In an order dated May 30, 2024, the Supreme Court, among other things, denied the defendants' motion. The defendants appeal.
Contrary to the defendants' contention, the plaintiffs were not required to plead that the infant plaintiff sustained a "serious injury" within the meaning of Insurance Law § 5102(d), since the accident did not arise out of the "use or operation" of the school bus (Insurance Law § 5104[a]; see Cividanes v City of New York, 20 NY3d 925, 926; Walton v Lumbermens Mut. Cas. Co., 88 NY2d 211, 213; Gonzalez v American Commerce Ins. Co., 124 AD3d 718, 719). This proximate cause requirement is not established merely because injuries occurred while entering or exiting a vehicle, rather "the motor vehicle itself [must] be the instrumentality which produces the injuries" (Cividanes v City of New York, 95 AD3d 1, 7, affd 20 NY3d 925).
Here, unlike in Ocasio v New York City Tr. Auth. (134 AD3d 789), the plaintiffs do not allege negligence arising from the "use or operation" of the school bus (Insurance Law § 5104[a]), but rather that the defendants were negligent in supervising the infant plaintiff as she [*2]climbed the stairs of the school bus, which, under the circumstances, is no different than if the infant plaintiff had been injured on stairs while leaving the school. The infant plaintiff's school bus coordinator testified at her deposition that typically she would hold a child's hand while the child ascended the steps and pass the child's hand directly to a bus matron located at the top of the steps, but on the date of the infant plaintiff's accident, when the bus coordinator let go of the infant plaintiff's hand, the infant plaintiff fell. The infant plaintiff's bus matron testified at her deposition that she was buckling another child into a seat and was not present at the front of the bus to receive the infant plaintiff. As the "use or operation" of the school bus was not a proximate cause of the infant plaintiff's injuries (Insurance Law § 5104[a]), but rather the alleged negligence of the defendants in failing to supervise the infant plaintiff, the Supreme Court properly denied the defendants' motion (see Cividanes v City of New York, 20 NY3d at 926; Skefalidis v China Pagoda NY, Inc., 210 AD3d 925, 926; Gonzalez v American Commerce Ins. Co., 124 AD3d at 719).
The parties' remaining contentions either are not properly before this Court or need not be reached in light of our determination.
DILLON, J.P., DOWLING, WARHIT and LOVE, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court