■ Joseph Cherny et al., Respondents, v David Hurlburt, Appellant.—Mahoney, P. J. Appeal from an order of the Supreme Court (Bradley, J.), entered May 6, 1988 in Ulster County, which denied defendant's motion for summary judgment dismissing the complaint.

At approximately 9:30 P.M. on December 21, 1984, defendant was driving on the ramp approaching the Mid Hudson Bridge in the Town of Lloyd, Ulster County, when his vehicle slid to the right and struck a light pole at the edge of the pavement, causing the light pole to fall across the road. The vehicle behind defendant stopped and a few seconds later a third vehicle struck the stopped car, which had its front wheels forced over the light pole. Plaintiff Joseph Cherny (hereinafter plaintiff), a State Bridge Authority employee working that evening as a member of a snow crew, arrived on the scene and observed that the base of the pole was shattered. Shortly thereafter, plaintiff's supervisor arrived and, after a brief visual inspection, ordered that the pole be removed. While plaintiff was assisting in the removal, he sustained an electrical shock causing personal injuries. He and his wife commenced this negligence and derivative action against defendant, who, after issue was joined, moved for summary judgment dismissing the complaint. Supreme Court denied the motion and this appeal ensued.

Initially, we reject defendant's contention that the attenuated string of circumstances leading to plaintiff's injuries were, as a matter of law, unforeseeable. While it is necessary that an accident be one which a defendant must reasonably foresee, it is not necessary that the defendant foresee the exact manner in which his negligence will result in injury, but merely that some injury will result from his conduct *(see, Mace v Ryder Truck Rental,* 55 AD2d 432, 436-437 [Sweeney, J., dissenting], *revd on dissenting opns below* 43 NY2d 814). Further, defendant's reliance on *Mack v Altmans Stage Light. Co.* (98 AD2d 468) to support his contention that the circumstances of the accident were so unusual that the occurrence cannot be chargeable to him is misplaced. *Mack* involved a plaintiff who, in the absence of any danger and after failing to secure his ladder, found an old, worn rope and used it to lower himself from a roof rather than wait for assistance. This conduct is so foreign to ordinary behavior that it cannot be used as a standard to determine if facts such as those present herein are so unusual or extraordinary that their occurrence should not be charged to defendant as a matter of law.

We also reject defendant's argument that plaintiff's conduct in assisting fellow employees in removing the pole from the highway broke the chain of causation and relieved defendant of liability. An intervening act will constitute a superseding cause only "if, with the benefit of hindsight, it appears highly extraordinary that defendant's act should have brought about

the harm" *(Mack v Altmans Stage Light. Co., supra,* at 471). We perceive nothing extraordinary in the fact that defendant's operation of his motor vehicle on a bridge on a rainy night could result in the car moving too far to the right and striking a light pole, which should fall across the highway necessitating removal by a Bridge Authority employee. Under such circumstances, resolution of this issue best awaits determination by a fact finder *(see, e.g., Derdiarian v Felix Contr. Corp.,* 51 NY2d 308, 315).

Order affirmed, with costs. Mahoney, P. J., Weiss, Levine, Mercure and Harvey, JJ., concur.