■ ROBERT M. SOCHINSKI, Appellant, v BANKERS AND SHIPPERS INSURANCE COMPANY, Respondent. [634 NYS2d 269] —Yesawich Jr., J. Appeal from an order of the Supreme Court (Hughes, J.), entered February 9, 1995 in Schoharie County, which, *inter alia*, granted defendant's cross motion for summary judgment dismissing the complaint.

Plaintiff was allegedly injured when airborne particles caused by sandblasting at a highway construction site entered the open window of plaintiff's motor vehicle and lodged in his eye. No motor vehicle accident resulted, for plaintiff was able to bring his vehicle to a safe stop. His subsequent claim for no-fault benefits made upon defendant, the insurer of his motor vehicle, was rejected on the ground that his injuries did not arise out of the use or operation of a motor vehicle (*see*, Insurance Law § 5102 [b]). In the instant action brought by plaintiff for a determination declaring his entitlement to such benefits, Supreme Court granted defendant's cross motion for summary judgment dismissing the complaint. We affirm.

Insurance Law § 5102 (b) provides that first-party no-fault benefits are to be paid "to reimburse a person for basic economic loss on account of personal injury arising out of the use or operation of a motor vehicle". To qualify for payment, the claimant must show that the insured motor vehicle was the "actual instrumentality" which produced the injury, that is, the motor vehicle must have been the proximate cause of the claimant's damages (*Matter of Manhattan & Bronx Surface Tr. Operating Auth. [Gholson]*, 71 AD2d 1004, 1005).

Manifestly, plaintiff's motor vehicle was not the proximate cause of his eye injury; that would have occurred even if plaintiff had not been in his motor vehicle at the time the injury was inflicted. Plaintiff's use and operation of his motor vehicle being "wholly incidental" to the event which produced his injury (*Lancer Ins. Co. v Peterson*, 175 AD2d 239, 240; *see*, *United Servs. Auto. Assn. v Aetna Cas. & Sur. Co.*, 75 AD2d 1022), Supreme Court properly concluded that defendant could not be held liable for the payment of first-party no-fault benefits (*see*, *Locascio v Atlantic Mut. Ins. Co.*, 127 AD2d 746, 747, *lv denied* 70 NY2d 616; *cf.*, *Matter of Pierce [Utica Mut. Ins. Co.]*, 110 AD2d 1023).

Mikoll, J. P., Crew III, Peters and Spain, JJ., concur. Ordered that the order is affirmed, with costs.