■ Larry Martinelli, Appellant, v Travelers Property Casualty Insurance Company, Respondent. [706 NYS2d 515] —Cardona, P. J. Appeal from an order of the Supreme Court (Caruso, J.), entered March 3, 1999 in Schenectady County, which, *inter alia,* denied plaintiff's motion for partial summary judgment on the issue of liability.

On October 30, 1997, while plaintiff was working as a mason at a construction site located in the Town of Rotterdam, Schenectady County, a cement truck owned and operated by defendant's insured arrived to unload cement. The driver of the cement truck connected two extensions to the chute attached to the truck and, using controls inside the truck, maneuvered the chute to pour the cement in the desired locations. Plaintiff sustained injuries while raking the cement delivered through the chute. According to plaintiff, as cement was being delivered, the chute swung and struck him in the back. On the other hand, the driver indicated that he paused the delivery of cement to allow plaintiff an opportunity to rake it and plaintiff backed into the stationary chute.

Defendant denied plaintiff's claim for no-fault insurance benefits on the ground that his injuries did not arise out of the use or operation of a motor vehicle. Plaintiff thereafter commenced this action for a declaratory judgment and/or damages for breach of the insurance contract. Following joinder of issue, plaintiff moved for partial summary judgment on the issue of

liability. Supreme Court granted the motion to the extent of dismissing two of defendant's affirmative defenses; however, the court concluded that a question of fact existed regarding plaintiff's entitlement to no-fault benefits, resulting in this appeal.

No-fault insurance benefits are payable only if plaintiff's injuries arose out of the use or operation of the cement truck (*see,* Insurance Law § 5102 [b]; § 5103 [a] [1]). The Court of Appeals, in *Walton v Lumbermen's Mut. Cas. Co.* (88 NY2d 211, 216), stated: "A person engaged in loading or unloading the vehicle may be using it within the meaning of the statute, but that does not necessarily mean that his or her injuries arose out of the use of the vehicle. In such circumstances, if the injuries are caused by something other than the vehicle itself, the injuries cannot be said to have arisen out of the use of the vehicle." Significantly, "[t]he vehicle must be a proximate cause of the injury before the absolute liability imposed by the statute arises" (*id.,* at 215).

The fact that concrete may or may not have been pouring down the chute at the moment plaintiff was injured is irrelevant since it is undisputed that the unloading process was not completed. Regardless of whether plaintiff was injured when the chute moved and struck him or when he backed into it, the chute was the instrumentality which caused the injuries. The purpose of the cement truck was to deliver cement and the chute attached to the truck was essential to the unloading of the cement. Accordingly, we conclude that the chute as a part of the vehicle was a proximate cause of plaintiff's injuries. We further note that the fact the driver attached extensions to the chute does not convert the chute into something other than a part of the vehicle. There is nothing in the record to indicate that the extensions were anything other than normal equipment which accompanied the truck for use in unloading cement. The record establishes as a matter of law that plaintiff's injuries arose out of the use or operation of the cement truck and, therefore, Supreme Court erred in denying plaintiff's motion.

Mercure, Crew III, Peters and Mugglin, JJ., concur. Ordered that the order is modified, on the law, with costs to plaintiff, by reversing so much thereof as denied plaintiff's motion for partial summary judgment on the issue of liability; motion granted to the extent that it is declared that plaintiff's injuries arose out of the use or operation of the cement truck owned and operated by defendant's insured; and, as so modified, affirmed.