■ In the Matter of the Arbitration between FARM FAMILY CASUALTY INSURANCE COMPANY, Respondent, and ROSE B. TRAPANI, Appellant. [753 NYS2d 198] —Rose, J. Appeal from an order of the Supreme Court (Kavanagh, J.), entered July 22, 2002 in Ulster County, which granted petitioner's application pursuant to CPLR 7503 to permanently stay arbitration between the parties.

On September 5, 2000, Diana Talerico lost control of her car and struck a utility pole. The car's impact moved the pole, causing its power lines to short out and rain sparks and hot pieces of wire down onto the 75-year-old respondent, who was standing in her garden along the roadway near her home. In attempting to run from this hazard, respondent fell and sustained injuries to her head and left knee. After settling for the $25,000 policy limit with Talerico's insurer, respondent sought additional compensation under the supplemental underinsured motorist provisions of an insurance policy issued by petitioner. Petitioner denied the claim, deeming respondent's injuries not to have arisen out of the use, maintenance or operation of a motor vehicle. When respondent demanded arbitration, petitioner sought a permanent stay of arbitration. Supreme Court then found that respondent's "tripping over her own two feet," rather than Talerico's car, was the cause of her injuries, and permanently stayed arbitration. We now reverse, holding that the operation of Talerico's car was a proximate cause of respondent's injuries.

Courts may stay arbitration where "the particular claim sought to be arbitrated is outside [the] scope" of the agreement to arbitrate (*Matter of County of Rockland [Primiano Constr. Co.]*, 51 NY2d 1, 7; *see* CPLR 7503 [b]; *Sisters of St. John the Baptist, Providence Rest Convent v Geraghty Constructor*, 67 NY2d 997, 999). Since supplemental underinsured motorist coverage applies only to an insured's injuries "caused by an accident arising out of such [underinsured] motor vehicle's ownership, maintenance or use" (11 NYCRR 60-2.3 [f]; *see* Insurance Law § 3420 [f] [1]; *Matter of Federal Ins. Co. v Watnick*, 80 NY2d 539, 545), the determinative issue here is whether Talerico's car was a proximate cause of respondent's injuries (*see Walton v Lumbermens Mut. Cas. Co.*, 88 NY2d 211, 215; *Martinelli v Travelers Prop. Cas. Ins. Co.*, 271 AD2d 890, 891; *Eagle Ins. Co. v Butts*, 269 AD2d 558, 559, *lv denied* 95 NY2d 768; *Sochinski v Bankers & Shippers Ins. Co.*, 221 AD2d 889; *Matter of New York Cent. Mut. Fire Ins. Co. [Hayden—Allstate Ins. Co.]*, 209 AD2d 927, 928).

Supreme Court decided that respondent's injuries did not arise out of the use or operation of a motor vehicle because not all elements of the following test were satisfied: " '1. The accident must have arisen out of the inherent nature of the automobile, as such; 2. The accident must have arisen within the natural territorial limits of an automobile, and the accidental use, loading, or unloading must not have terminated; 3. The automobile must not merely contribute to cause the condition which produces the injury, but must, itself, produce the injury' " (*Matter of Manhattan & Bronx Surface Tr. Operating Auth. [Gholson]*, 71 AD2d 1004, 1005, quoting *Goetz v General Acc. Fire & Life Assur. Corp.*, 47 Misc 2d 67, 69, *affd* 26 AD2d 635, *affd* 19 NY2d 762). This Court, however, has characterized this test as merely requiring that the use or operation of a motor vehicle be a proximate cause of the injuries for which coverage is sought (*see Sochinski v Bankers & Shippers Ins. Co., supra*).

Upon our review of the record, we find that the impact of Talerico's car with the utility pole was not a cause so remote in either time or space from respondent's injuries "as to preclude recovery as a matter of law" (*McMorrow v Trimper*, 149 AD2d 971, 972, *affd* 74 NY2d 830), and neither the shorting power lines nor respondent's flight were so extraordinary or unforeseeable that they should "be viewed as superseding acts which, as a matter of law, break the causal link" (*id.* at 973; *see Gordon v Eastern Ry. Supply*, 82 NY2d 555, 562; *Cherny v Hurlburt*, 150 AD2d 942, 943-944). Nor was there any other record evi-

dence of an intervening cause of respondent's fall (*cf. Matter of Nassau Ins. Co. v Jiminez*, 116 Misc 2d 908, 912). Since the factual circumstances are undisputed and only one conclusion can be drawn from them, we find, as a matter of law, that Talerico's car proximately caused respondent's injuries (*cf. Feeley v Citizens Telecom. Co. of N.Y.*, 298 AD2d 745, 745-746). Accordingly, Supreme Court erred in granting a stay of arbitration. However, petitioner is entitled to a temporary stay of arbitration until it has an opportunity to conduct a physical examination and an examination under oath of respondent (*see Matter of State Farm Mut. Auto. Ins. Co. v Johnson*, 287 AD2d 640, 641; *cf. Matter of Allstate Ins. Co. v Faulk*, 250 AD2d 674).

Cardona, P.J., Mercure, Peters and Kane, JJ., concur. Ordered that the order is reversed, on the law, with costs, petition dismissed and arbitration temporarily stayed pending petitioner's expeditious completion of examinations of respondent.