■ ROBERT D. SULLIVAN, Appellant, v BARRY SCOTT AGENCY, INC., et al., Respondents. [804 NYS2d 447]—

Rose, J. Appeal from an order of the Supreme Court (Nolan, Jr., J.), entered August 20, 2004 in Saratoga County, which granted defendants' motions for summary judgment dismissing the complaint.

Plaintiff allegedly sustained injuries to his neck while single-handedly lifting a box containing a 100-pound television from the bed of his employer's delivery van. When plaintiff's claim for no-fault benefits was denied by his automobile insurer, he then commenced this action against the insurer and his insurance agent. Defendants eventually moved for summary judgment dismissing the complaint on the ground that plaintiff's injuries did not arise out of the use or operation of a motor vehicle (*see* Insurance Law § 5102 [b]). Supreme Court granted the motions and dismissed the complaint, prompting this appeal.

Inasmuch as "[t]he vehicle must be a proximate cause of the injury before the absolute liability imposed by the statute arises" (*Walton v Lumbermens Mut. Cas. Co.*, 88 NY2d 211, 215 [1996]), we agree with Supreme Court's conclusion that plaintiff's injuries sustained while unloading the van did not

arise out of the use of the vehicle. Plaintiff's description of how his injuries occurred makes clear that they were caused by lifting a heavy object, and not by the van itself. He testified that the van was parked and not running, and he felt pain immediately upon lifting the box. Although he assumed that the van must have moved, he did not actually recall that it did so or testify that any such movement made him fall, twist or otherwise strain his neck. Instead, he stated that the pain he felt resulted from the strain of lifting the box. As plaintiff's injuries would have occurred even if he had been standing on the ground and lifting the box, his presence in the van at the time was wholly incidental (see *Sochinski v Bankers & Shippers Ins. Co.*, 221 AD2d 889, 889 [1995]).

Plaintiff's argument that his insurer is nonetheless liable for no-fault benefits because it failed to timely disclaim coverage on this ground is equally unavailing. Here, the policy's no-fault coverage was expressly limited to injuries caused by an accident arising out of the use or operation of a motor vehicle. Since plaintiff's injuries were not shown to be the result of an insured accident, the insurer had no obligation to disclaim coverage (see *Merchants Mut. Ins. Co. v Allcity Ins. Co.*, 245 AD2d 590, 592 [1997]; *Empire Group Allcity Ins. Co. v Cicciaro*, 240 AD2d 362, 363 [1997]).

Crew III, J.P., Mugglin, Lahtinen and Kane, JJ., concur. Ordered that the order is affirmed, with one bill of costs.