Spain, J.
Appeal from an order of the Supreme Court (Czajka, J.), entered January 8, 2007 in Columbia County, which, among other things, denied plaintiffs motion for summary judgment.
The facts are undisputed. On May 29, 2005, plaintiff was a passenger in a car driven by his friend and owned by plaintiffs mother. They stopped for gas and, while plaintiff was pumping gasoline, the gas pump nozzle popped out of the car’s fuel tank, causing some gasoline to spill on the ground and, unbeknownst to him, on his clothing. Plaintiff then entered the gas station store to purchase a pack of cigarettes. Shortly after leaving the gas station in the vehicle, plaintiff attempted to light a cigarette, causing the gasoline on his clothing to ignite. As a result, he suffered severe burns to the right side of his body, right arm and leg.
Defendant denied plaintiff’s claim for no-fault insurance benefits on the ground that his injuries did not arise out of the use or operation of a motor vehicle (see Insurance Law § 5102 [b]; § 5103 [a] [1]). Plaintiff then commenced the instant action in Supreme Court seeking to recover no-fault insurance benefits. After discovery was completed, plaintiff moved for summary judgment on the issue of his entitlement to no-fault insurance benefits and defendant cross-moved for a declaratory judgment that defendant has no obligation to plaintiff. Supreme Court granted defendant’s cross motion and denied plaintiff’s motion. Plaintiff now appeals.
No-fault insurance benefits are payable only if a person’s *883 injury “aris[es] out of the use or operation of a motor vehicle” (Insurance Law § 5102 [b]; see § 5103 [a] [1]). Inasmuch as “[t]he vehicle must be a proximate cause of the injury before the absolute liability imposed by the statute arises” (Walton v Lumbermens Mut. Cas. Co., 88 NY2d 211, 215 [1996]), we agree with Supreme Court’s conclusion that plaintiff’s injuries— sustained when he attempted to light a cigarette, igniting gasoline that he had spilled on his clothing—did not arise out of the use of the vehicle. Indeed, plaintiffs injuries would have occurred even if he had never reentered the vehicle and his friend had driven away (see Sullivan v Barry Scott Agency, Inc., 23 AD3d 889, 890 [2005]; cf. Matter of Farm Family Cas. Ins. Co. [Trapani], 301 AD 2d 740, 741-742 [2003]). Thus, although plaintiffs injuries occurred while he was inside the moving vehicle, because “the vehicle itself was not a cause of the damage,” he is not entitled to no-fault benefits (Walton v Lumbermens Mut. Cas. Co., 88 NY2d at 215; see Sullivan v Barry Scott Agency, Inc., 23 AD3d at 890, Sochinski v Bankers & Shippers Ins. Co., 221 AD2d 889 [1995]).
Mercure, J.P., Peters, Malone Jr. and Stein, JJ., concur. Ordered that the order is affirmed, with costs.