SUMMARY ORDER

Plaintiff-Appellant Murty Narumanchi (“Murty”), pro se, appeals from the district court’s denial of a request for a new trial and its judgment upon the verdict of the jury in Murty’s complaint against Appellee American Home Assurance Company (“Narumanchi I ”). Murty and Appellant Devi Narumanchi (collectively “the Naru-manchis”) also appeal from the district court’s grant of summary judgment to Ap-pellees Winston Foster and Vanessa Scott (“Narumanchi II ”). We assume the parties’ familiarity with the underlying facts, *58 the procedural history of the case, and the issues on appeal.

Narumanchi I

We review an order denying or granting a new trial for abuse of discretion. Kosmynka v. Polaris Industries, Inc., 462 F.3d 74, 82 (2d Cir.2006). We review the district court’s evidentiary rulings for abuse of discretion. Arlio v. Lively, 474 F.3d 46, 51 (2d Cir.2007). We review jury instructions de novo. Hudson v. New York City, 271 F.3d 62, 67 (2d Cir.2001).
We find no error with respect to the jury instruction in Narumanchi I, which stated, inter alia, that Murty had the “burden of proving by a preponderance of the evidence that [his] July 15, 2000 car accident was a substantial factor in his July 29, 2000 stroke.” Tr. Trans. 124. This instruction followed the pattern jury instructions used in New York courts, and properly informed the jury as to New York’s no-fault insurance law, which places the burden on the plaintiff to prove his entitlement to benefits by showing that “the injury sustained arose out of the use or operation of the motor vehicle.” Walton v. Lumbermens Mut. Cas. Co., 88 N.Y.2d 211, 215, 666 N.E.2d 1046, 1048, 644 N.Y.S.2d 133, 135 (1996) (alteration omitted). To the extent that Murty asserts that American Home was required to plead lack of causation as an affirmative defense, the argument is meritless because the burden of proof to show that there was a causal connection between the plaintiffs use of his vehicle and his injury rests with him. See Sochinski v. Bankers and Shippers Ins. Co., 221 A.D.2d 889, 889, 634 N.Y.S.2d 269, 269 (3d Dep’t 1995).
Murty also argues that he was entitled to a new trial, in part because (1) American Home’s expert witnesses did not qualify as experts; and (2) American Home’s attorney acted in a “boorish” manner by requesting judgment as a matter of law. First, despite having the opportunity to do so, Murty did not object to the testimony of American Home’s expert witnesses, who were qualified by the court as experts after they testified as to their qualifications. Similarly, Murty provided no support for his allegations that defense counsel acted improperly. The only specific action Murty points to is American Home’s motion for a directed verdict after Murty rested his case. That is entirely permissible under the Federal Rules of Civil Procedure. See Fed.R.Civ.P. 50(a)(2). There is therefore no legal basis for his motion for a new trial in this case.
Narumanchi II -
We review orders granting summary judgment de novo, drawing all factual inferences in favor of the non-moving party, and granting summary judgment “only if the moving party shows that there are no genuine issues of material fact and that the moving party is entitled to judgment as a matter of law.” Miller v. Wolpoff & Abramson, L.L.P., 321 F.3d 292, 300 (2d Cir.2003).
Collateral estoppel precludes a party from relitigating an issue once it has been “actually and necessarily determined by a court of competent jurisdiction.” Montana v. United States, 440 U.S. 147, 153, 99 S.Ct. 970, 59 L.Ed.2d 210 (1979). New York courts apply collateral estoppel “if the issue in the second action is identical to an issue which was raised, necessarily decided and material in the first action, and the plaintiff had a full and fair opportunity to litigate the issue in the earlier action.” Parker v. Blauvelt Volunteer Fire Co., 93 N.Y.2d 343, 349, 712 N.E.2d 647, 651, 690 N.Y.S.2d 478, 482 (1999). The party asserting issue preclusion bears the burden of showing that the identical issue was raised and necessarily decided in a previous proceeding, LaFleur v. Whit *59 man, 300 F.3d 256, 272 (2d Cir.2002), while “the party against whom the doctrine is asserted bears the burden of showing the absence of a full and fair opportunity to litigate in the prior proceeding,” Colon v. Coughlin, 58 F.3d 865, 869 (2d Cir.1995).
Foster and Scott carried their burden to show that the issue of proximate cause was previously decided in Naruman-chi I. Despite the differing theories of recovery, both the claim of entitlement to no-fault insurance benefits (Narumanchi I) and the claim of personal injury (Narumanchi II) required the Narumanchis to prove that the July 2000 accident was causally related to Murty’s strokes. See Soehinski, 221 A.D.2d at 889, 634 N.Y.S.2d' at 269 (proximate causation is essential to proving no-fault insurance benefits); Kosmynka v. Polaris Industries, Inc., 462 F.3d 74, 79 (2d Cir.2006)(“a negligent tort-feasor is liable for any reasonably foreseeable risk that is proximately caused by its action”). Moreover, Murty had the opportunity to litigate fully the question of causation in Narumanchi I, where the issue was given to a jury after presentation of expert testimony. The Narumanchis have not carried their burden to show that they did not have a full and fair opportunity to litigate the proximate cause issue before.
We have carefully considered the appellants’ other claims on appeal and find them to be without merit.
For the foregoing reasons, the judgments of the district court are hereby AFFIRMED.