■ CATHLEEN A. MAZZARELLA et al., Appellants, v FRANCIS J. PAOLANGELI, Doing Business as PAOLANGELI CONTRACTOR, Respondent. [881 NYS2d 540]—

Mercure, J.P. Appeal from a judgment of the Supreme Court (Garry, J.), entered August 4, 2008 in Tompkins County, which granted defendant's motion for summary judgment dismissing the complaint.

In October 2003, Darrell Cole, an employee of defendant acting within the scope of his employment, lost control of the empty dump truck that he was driving. As a result, the truck slid into a ditch, damaging the vehicle's fuel primer pump. Cole, unaware of the damage to the truck, then moved it out of the ditch and drove a short distance on the roadway, causing the truck's running engine to deposit diesel fuel along approximately 100 feet of the road before he pulled to the side. Within a minute or two, Cole notified his base of the accident and began to contact other drivers, one of whom informed him that another motorist had already gone off the road—i.e., plaintiff Cathleen A. Mazzarella (hereinafter plaintiff), who had driven across the patch of spilled diesel fuel, lost control of her vehicle, collided with a tree, and injured her back.

Plaintiff and her husband, derivatively, then commenced this personal injury action, alleging that defendant negligently spilled fuel onto the road's surface. Following an independent medical examination, defendant moved for summary judgment dismissing the complaint, asserting that plaintiff did not suffer a serious injury under Insurance Law § 5102 (d). Supreme Court agreed and further concluded that recovery is barred by Insurance Law § 5104 (a) because the accident was caused by Cole's negligence in the operation of the dump truck. The court therefore granted defendant's motion and dismissed the complaint, prompting this appeal.

We affirm. As relevant here, Insurance Law § 5104 (a) provides that "in any action by or on behalf of a covered person against another covered person for personal injuries arising out of negligence in the use or operation of a motor vehicle in this state, there shall be no right of recovery for non-economic loss, except in the case of a serious injury." It is undisputed that Cole was negligent, that plaintiff did not suffer a serious injury as defined by Insurance Law § 5102 (d), that both she and Cole are "covered persons" within the meaning of the statute, and that

plaintiffs allege only non-economic loss. Accordingly, the question before us is whether Supreme Court properly dismissed the complaint on the ground that plaintiff's injuries arose out of Cole's negligence "in the use or operation of a motor vehicle" such that recovery for non-economic loss is barred in the absence of a serious injury (Insurance Law § 5104 [a]).

In that regard, plaintiffs assert that the serious injury threshold is inapplicable because the accident at issue herein was caused by something other than Cole's negligent "use or operation" of the truck. That is, plaintiffs contend that the truck was removed in "time and space" from the accident and that it was the fuel on the roadway, as opposed to the negligent use of the truck, that caused the injury. For purposes of the no-fault law, an accident will be deemed to arise out of the use and operation of a vehicle when "[t]he vehicle [is] *a* proximate cause of the injury" (*Hammond v GMAC Ins. Group*, 56 AD3d 882, 883 [2008], *lv denied* 12 NY3d 702 [2009] [internal quotation marks and citations omitted; emphasis added]; *see Walton v Lumbermens Mut. Cas. Co.*, 88 NY2d 211, 214-215 [1996]; *Sullivan v Barry Scott Agency, Inc.*, 23 AD3d 889, 889 [2005]; *see generally Zaccari v Progressive Northwestern Ins. Co.*, 35 AD3d 597, 599 [2d Dept 2006] [stating that in the context of automobile liability insurance coverage, "(a)lthough the (vehicle) itself need not be the proximate cause of the injury . . . (n)egligence in the use of the vehicle must be shown, and that negligence must be a cause of the injury" (internal quotation marks and citations omitted)]).

A review of the record demonstrates that Cole negligently operated the truck by driving it on the roadway despite the damage to the fuel primer pump, thereby spilling diesel fuel along 100 feet of the roadway and creating a hazardous situation; plaintiff's vehicle slipped on this fuel minutes after it was spilled. Under these circumstances, it cannot be said that the truck, as operated negligently by Cole, was wholly incidental to the accident or that Cole's negligent use of the truck was so remote in time and space from the accident that it cannot be considered a proximate cause of the injuries (*see Matter of Farm Family Cas. Ins. Co. [Trapani]*, 301 AD2d 740, 741 [2003]; *Martinelli v Travelers Prop. Cas. Ins. Co.*, 271 AD2d 890, 891 [2000]; *cf. Hammond v GMAC Ins. Group*, 56 AD3d at 883; *Sullivan v Barry Scott Agency, Inc.*, 23 AD3d at 890; *Walpole v Lockhart*, 6 AD3d 1087, 1088 [2004]). Inasmuch as plaintiff's injuries arose out of Cole's negligence in the use or operation of the vehicle, Supreme Court properly concluded, as a matter of law, that the serious injury threshold is applicable and dismissed the complaint.

We have considered plaintiffs' remaining arguments, including those relating to *Matter of Manhattan & Bronx Surface Tr. Operating Auth. (Gholson)* (71 AD2d 1004 [1979]), and conclude that they are lacking in merit.

Spain, Malone Jr., Kavanagh and McCarthy, JJ., concur. Ordered that the judgment is affirmed, with costs.