Stein, J.
Appeal from an order of the Supreme Court (Gilpatric, J.), entered June 19, 2012 in Ulster County, which denied defendant’s motion for summary judgment dismissing the complaint.
In June 2007, plaintiff—a State Trooper, licensed registered nurse and paramedic—responded to a 911 call for assistance following a two-vehicle accident that occurred when Joseph Prindle’s vehicle struck Ralph Williams’ vehicle from behind, causing Williams’ vehicle to flip over. Upon plaintiffs arrival at the scene of the accident, Williams was trapped inside his vehicle and complained of pain in his chest, hip and neck. Once the fire department arrived and removed the roof of the vehicle with the Jaws of Life, plaintiff entered the vehicle and stabilized Williams’ neck. While he and two other individuals were lifting Williams out of the vehicle, plaintiff injured his right shoulder.
Plaintiff thereafter commenced a personal injury action against Williams and Prindle. The action was dismissed against Williams based upon a finding that he was not negligent, and Prindle settled the claim against him for the $25,000 limit of his automobile insurance policy. Plaintiff then sought coverage under the supplementary uninsured-underinsured motorist (hereinafter SUM) policy which he held with defendant. Defendant denied coverage on two grounds—first, that plaintiff was not injured as a result of a motor vehicle accident and, second, that the SUM policy prohibited duplicative awards and plaintiff had received benefits under the Workers’ Compensation Law. As a result of defendant’s denial, plaintiff commenced this action for breach of contract, seeking payment under the SUM policy. Upon defendant’s motion for summary judgment dismissing the complaint, Supreme Court found triable issues of fact and denied the motion. Defendant now appeals and we affirm.
“[SUM] coverage policies, such as the one at issue herein, apply only when an insured’s injuries are [proximately] ‘caused by an accident arising out of [the underinsured] motor vehicle’s ownership, maintenance or use’ ” (Matter of Liberty Mut. Fire Ins. Co. [Malatino], 75 AD3d 967, 968 [2010], quoting 11 NYCRR 60-2.3 [f] [II]; see Matter of Farm Family Cas. Ins. Co. [Trapani], 301 AD2d 740, 741 [2003]; see also Zaccari v Progressive Northwestern Ins. Co., 35 AD3d 597, 600 [2006]). Under the circumstances here, Supreme Court properly concluded that defendant failed to meet its threshold burden of demonstrating *1221 that plaintiffs injury was not caused by the use of Prindle’s underinsured vehicle. We reject defendant’s narrow interpretation of the SUM policy’s provision requiring that the insured’s injuries be directly caused by an accident that arose out of the use of a vehicle and defendant’s related assertion that the accident complained of here occurred only at the time of plaintiffs injury. Construing the language of the policy liberally and resolving any ambiguity in favor of the insured (see Matter of Liberty Mut. Fire Ins. Co. [Malatino], 75 AD3d at 968), defendant’s interpretation is contrary to the plain meaning thereof. In our view, the “use” of the underinsured motor vehicle was Prindle’s negligent operation of his vehicle (see Matter of Farm Family Cas. Ins. Co. [Trapani], 301 AD2d at 741), and the “accident” occurred when he collided with Williams’ vehicle (see State Farm Mut. Auto. Ins. Co. v Langan, 16 NY3d 349, 354-355 [2011]).
Plaintiff invokes the doctrine of danger invites rescue to establish the requisite causal connection between the motor vehicle accident and his injuries. The “danger invites rescue” doctrine imposes liability upon a defendant who, “by his [or her] culpable act has placed another person in a position of imminent peril which invites a third person, the rescuing plaintiff, to come to his [or her] aid” (Provenzo v Sam, 23 NY2d 256, 260 [1968]; see Wagner v International Ry. Co., 232 NY 176, 180 [1921]; Gifford v Haller, 273 AD2d 751, 752 [2000]). In order for the doctrine to apply, the rescuer must have had a reasonable belief that the person being rescued was in peril (see Provenzo v Sam, 23 NY2d at 261; Carney v Buyea, 271 App Div 338, 342 [1946]). The reasonableness of a decision to intervene is generally a question for the factfinder (see O’Connor v Syracuse Univ., 66 AD3d 1187, 1191 [2009], lv dismissed 14 NY3d 766 [2010]; Gifford v Haller, 273 AD2d at 752; see also Hughes v Murnane Bldg. Contrs., Inc., 89 AD3d 1507, 1508 [2011]).
In the instant matter, plaintiffs claims that Williams was injured as a result of the accident caused by Prindle’s negligent operation of his vehicle and that plaintiff was injured in the process of rescuing him are uncontroverted. Plaintiffs affidavit established that he was directed to respond to the accident and was the first responder on the scene with medical training. When plaintiff spoke to Williams, he complained of extreme pain in his hip, chest and neck. Based upon his medical training, plaintiff knew the importance of stabilizing Williams’ neck to prevent further injury. Viewing this evidence in a light most favorable to plaintiff, we cannot conclude, as a matter of law, that his belief that Williams was in peril was unreasonable (see Villoch v Lindgren, 269 AD2d 271, 273 [2000]).
*1222 Moreover, if the facts here warrant application of the danger invites rescue doctrine, plaintiffs injuries were not so remote in either time or space to the use of Prindle’s automobile as to preclude a finding of proximate cause as a matter of law. There is no dispute that Prindle’s negligent use of his vehicle directly caused the accident that led to Williams’ injuries which, in turn, led to plaintiffs intervention. Considering the open question of the applicability of the danger invites rescue doctrine and liberally construing the provisions of the SUM policy in plaintiffs favor, Supreme Court properly denied defendant’s motion for summary judgment dismissing the complaint (see Matter of Farm Family Cas. Ins. Co. [Trapani], 301 AD2d at 741; compare Zaccari v Progressive Northwestern Ins. Co., 35 AD3d at 597).
We also conclude that defendant failed to establish its entitlement to judgment based upon the non-duplication provision in the SUM policy. Pursuant to such provision, coverage will not duplicate any “[b]enefits payable under workers’ compensation” or “non-occupational disability benefits under article nine of the Workers’ Compensation Law.” Inasmuch as the record here does not reflect how much plaintiff received in workers’ compensation benefits and such benefits would not compensate plaintiff for any noneconomic damages he suffered, defendant has not demonstrated that recovery would necessarily be duplicative of the benefits he received (see generally State Farm Mut. Auto. Ins. Co. v Langan, 16 NY3d at 355-356).
Lahtinen, J.P, Spain and Garry, JJ., concur. Ordered that the order is affirmed, with costs.