T. Mina Supply, Inc. v Clemente Bros. Contr. Corp. (2021 NY Slip Op 03074)





T. Mina Supply, Inc. v Clemente Bros. Contr. Corp.


2021 NY Slip Op 03074


Decided on May 12, 2021


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on May 12, 2021
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

LEONARD B. AUSTIN, J.P.
BETSY BARROS
FRANCESCA E. CONNOLLY
LINDA CHRISTOPHER, JJ.


2018-12592
 (Index No. 23125/11)

[*1]T. Mina Supply, Inc., appellant, et al., plaintiffs,
v
Clemente Bros. Contracting Corp., et al., defendants, International Fidelity Insurance Company, respondent (and a third-party action).


Marshall M. Stern, P.C., Huntington Station, NY (Judith Donnenfeld of counsel), for appellant.
Chiesa Shaninian & Giantomasi PC, New York, NY (Adam P. Friedman, Stephen A. Wieder, and Scott W. Lichtenstein of counsel), for respondent.



DECISION & ORDER
In a consolidated action, inter alia, to recover on claims against labor and material payment bonds, the plaintiff T. Mina Supply, Inc., appeals from a judgment of the Supreme Court, Queens County (Frederick D. R. Sampson, J.), entered August 2, 2018. The judgment, insofar as appealed from, upon an order of the same court dated May 10, 2018, inter alia, granting that branch of the renewed motion of the defendant International Fidelity Insurance Company which was for summary judgment dismissing the complaints insofar as asserted by the plaintiff T. Mina Supply, Inc., against it, is in favor of that defendant and against that plaintiff dismissing the complaints insofar as asserted by that plaintiff against that defendant.
ORDERED that the judgment is reversed insofar as appealed from, on the law, with costs, that branch of the renewed motion of the defendant International Fidelity Insurance Company which was for summary judgment dismissing the complaints insofar as asserted by the plaintiff T. Mina Supply, Inc., against it is denied, and the order dated May 10, 2018, is modified accordingly.
The plaintiff T. Mina Supply, Inc. (hereinafter T. Mina), among others, commenced two actions, inter alia, to recover on its claims against two labor and material payment bonds issued by the defendant International Fidelity Insurance Company (hereinafter International) naming the defendant Clemente Bros. Contracting Corp. (hereinafter Clemente) as principal and the City of New York as obligee. After those actions were consolidated with each other and another action, International interposed an amended answer to the complaints in each action in which it asserted the affirmative defense that it was discharged from its obligation under the bonds by virtue of there having been a material modification of the underlying contracts without its knowledge and consent.
Following the completion of discovery, T. Mina moved, inter alia, for summary judgment on the complaints insofar as asserted by it against International. In relevant part, T. Mina argued that International's affirmative defense was without merit given a "consent to modification" clause contained in the bonds, whereby International agreed that its obligations as surety "shall be in no way impaired or affected by any extension of time, modification, omission, addition, or change [*2]in or of the said Contract or the work to be performed thereunder," and it "waive[d] notice of any and all of such extensions, modifications, omissions, additions, changes, payments, waivers, assignments, subcontracts and transfers." International opposed the motion, submitting evidence to support its contention that the City materially altered the terms of the contracts by substantially extending their duration and by substantially increasing the scope of the work to be performed, in violation of the terms of the contracts. International further argued that the consent to modification clause in the bonds did not apply in light of the City's breach of the contracts. In an order dated August 18, 2017, the Supreme Court, inter alia, denied that branch of T. Mina's motion which was for summary judgment on the complaints insofar as asserted by it against International, determining that International was discharged from liability under the bonds by the substantial and material modification of the contracts.
Thereafter, International made a renewed motion, inter alia, for summary judgment dismissing the complaints insofar as asserted by T. Mina against it, relying exclusively on the law of the case doctrine. T. Mina opposed the motion. In an order dated May 10, 2018, the Supreme Court, among other things, granted that branch of International's renewed motion, concluding that the law of the case doctrine applied to the findings in the order dated August 18, 2017. The court subsequently entered a judgment, inter alia, in favor of International dismissing the complaints insofar as asserted by T. Mina against it. T. Mina appeals.
Summary judgment is a drastic remedy and should not be granted where there is any doubt as to the existence of a material and triable issue of fact (see Rotuba Extruders v Ceppos, 46 NY2d 223, 231). Upon a motion for summary judgment, the court's function is one of issue finding rather than issue determination (see Sillman v Twentieth Century-Fox Film Corp., 3 NY2d 395, 404). "It is not the function of a court . . . to make credibility determinations or findings of fact, but rather to identify material triable issues of fact (or point to the lack thereof)" (Vega v Restani Constr. Corp., 18 NY3d 499, 505; see Martinez v 281 Broadway Holdings, LLC, 183 AD3d 716, 719).
Here, T. Mina established, prima facie, its entitlement to judgment as a matter of law on the complaints insofar as asserted by it against International (see State Finance Law § 137[1]) and that International's affirmative defense was without merit (see National Bank of N. Am. v Sobel, 31 AD2d 750, 751; Aetna Cas. & Sur. Co. v New York City Sch. Constr. Auth., 1997 WL 272404, 1997 US Dist LEXIS 7145 [SD NY, No. 95 Civ 9412]; Restatement [Third] of Suretyship & Guaranty § 48). In opposition, International raised a triable issue of fact (see Bier Pension Plan Trust v Estate of Schneierson, 74 NY2d 312, 315; Hall & Co. v Continental Cas. Co., 34 AD2d 1028, 1029, affd 30 NY2d 517). Although the Supreme Court properly denied that branch of T. Mina's motion which was for summary judgment on the complaints insofar as asserted by it against International, the court should not have made findings, in effect, concluding as a matter of law, that the contracts had been materially and substantially altered so as to discharge International from its obligation under the bonds, as these were factual determinations to be resolved by the trier of fact (see Vega v Restani Constr. Corp., 18 NY3d at 505). Moreover, we note that International had not made a cross motion for summary judgment dismissing the complaints insofar as asserted by T. Mina against it, nor did the court search the record and award summary judgment in favor of International (see CPLR 3212[b]).
Based on the foregoing, International was not entitled to summary judgment dismissing the complaints insofar as asserted by T. Mina against it on the ground that the law of the case doctrine applied, which was the sole argument raised by International on its renewed motion. Even considering the merits of International's argument, it failed to establish, prima facie, its entitlement to judgment as a matter of law.
AUSTIN, J.P., BARROS, CONNOLLY and CHRISTOPHER, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court