Fitch v Lee (2021 NY Slip Op 06673)





Fitch v Lee


2021 NY Slip Op 06673


Decided on December 1, 2021


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on December 1, 2021
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

LEONARD B. AUSTIN, J.P.
SYLVIA O. HINDS-RADIX
COLLEEN D. DUFFY
FRANCESCA E. CONNOLLY, JJ.


2019-07622
 (Index No. 703067/18)

[*1]Helene Fitch, et al., appellants,
v
Anders Mark Lee, respondent.


Gropper Law Group PLLC, New York, NY (David de Andrade of counsel), for appellants.
Litchfield Cavo LLP, New York, NY (Dana M. Ricci of counsel), for respondent.



DECISION & ORDER
In an action to recover damages for personal injuries, etc., the plaintiffs appeal from an order of the Supreme Court, Queens County (Robert J. McDonald, J.), entered May 14, 2019. The order, insofar as appealed from, granted the defendant's motion for summary judgment dismissing the complaint and denied that branch of the plaintiffs' cross motion which was for summary judgment on the issue of liability.
ORDERED that the order is modified, on the law, by deleting the provision thereof granting the defendant's motion for summary judgment dismissing the complaint, and substituting therefor a provision denying the motion; as so modified, the order is affirmed insofar as appealed from, without costs or disbursements.
On December 27, 2017, at approximately 10:30 a.m., the plaintiff Helene Fitch (hereinafter the injured plaintiff) exited her parked car and approached a crosswalk, looked to her left, then to her right, and proceeded three steps into the crosswalk when she saw the defendant's vehicle closing upon her directly from her left. At her examination before trial, the injured plaintiff testified that, in an attempt to avoid being struck by the defendant's vehicle, she dove out of the vehicle's path and fell on the ground, allegedly sustaining injuries, whereupon the defendant's vehicle came to a screeching stop.
At his examination before trial, the defendant testified that as he was making a left turn, he saw the injured plaintiff, approximately 20 to 30 feet away, a step or two within the crosswalk. When he brought his vehicle to a stop, it did not make any sound like screeching brakes and the front of the vehicle was, at a minimum, 10 feet from the crosswalk. However, when the injured plaintiff saw his vehicle, she took half a step back, stumbled, and fell to the ground, in the crosswalk.
The Supreme Court granted the defendant's motion for summary judgment dismissing the complaint on the ground that the injured plaintiff could not recover for her injuries under Insurance Law § 5104, since they "were not caused directly by a motor vehicle" and, inasmuch as there was no evidence that the defendant was operating his vehicle at an excessive speed or in a [*2]reckless manner, the plaintiffs failed to establish a cause of action sounding in ordinary negligence. In addition, the court, inter alia, denied that branch of the plaintiff's cross motion which was for summary judgment on the issue of liability. The plaintiffs appeal.
The defendant failed to eliminate questions of fact as to whether the injured plaintiff's injuries were caused by the defendant's negligent use or operation of his motor vehicle (see Insurance Law § 5104[a]; Walton v Lumbermens Mut. Cas. Co., 88 NY2d 211; Mazzarella v Paolangeli, 63 AD3d 1420). Furthermore, the Supreme Court should not have discounted the injured plaintiff's deposition testimony, and concluded, as a matter of law, that there was no evidence that the defendant was operating his vehicle at an excessive speed or in a reckless manner (see T. Mina Supply v Clemente Bros. Contr. Corp., 194 AD3d 879, 882). However, the plaintiff failed to establish her prima facie entitlement to judgment as a matter of law on that branch of her cross motion which was for summary judgment on the issue of liability.
Accordingly, the Supreme Court properly denied that branch of the plaintiff's cross motion which was for summary judgment on the issue of liability, but should have also denied the defendant's motion for summary judgment dismissing the complaint.
AUSTIN, J.P., HINDS-RADIX, DUFFY and CONNOLLY, JJ., concur.
ENTER:
Maria T. Fasulo
Clerk of the Court