Matter of Olivieri (2022 NY Slip Op 04808)

Matter of Olivieri

2022 NY Slip Op 04808

Decided on August 3, 2022

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on August 3, 2022
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

HECTOR D. LASALLE, P.J.
REINALDO E. RIVERA
SHERI S. ROMAN
DEBORAH A. DOWLING, JJ.

2019-14394

[*1]In the Matter of Salvatore L. Olivieri Irrevocable Trust dated 9/29/1994. Geraldine Reynolds, respondent; Matthew Reynolds, et al., appellants. (File No. 64/17)

Marco E. Fava, Larchmont, NY, for appellants.
Masch, Coffey & Associates LLP, New City, NY (Gregg Alan Coffey of counsel), for respondent.

DECISION & ORDER
In a proceeding, inter alia, pursuant to SCPA 2107 for advice and direction as to a transfer of certain trust funds, the objectants, Matthew Reynolds and Joseph Reynolds, appeal from an order of the Surrogate's Court, Rockland County (Keith J. Cornell, S.), dated November 15, 2019. The order, insofar as appealed from, granted the petitioner's motion for summary judgment, in effect, approving the transfer of certain trust funds.
ORDERED that the order is reversed insofar as appealed from, on the law, with costs, and the petitioner's motion for summary judgment, in effect, approving the transfer of certain trust funds is denied.
In 1994, Salvatore L. Olivieri and his wife, Ann Olivieri, created two inter vivos trusts, the "Salvatore L. & Ann Olivieri Living Trust dated 9/29/1994" (hereinafter the living trust) and the "Salvatore L. Olivieri Irrevocable Trust" (hereinafter the irrevocable trust). Salvatore died on July 19, 2014, at which time Ann and the petitioner, Geraldine Reynolds, the daughter of Salvatore and Ann, became co-trustees of the living trust. Additionally, Ann became the sole beneficiary and the petitioner and her brother, Salvatore C. Olivieri, the residuary beneficiaries. The petitioner had previously been named the successor trustee of the irrevocable trust. The petitioner's children, Matthew Reynolds, Joseph Reynolds, and Geralyn Reynolds, were the beneficiaries of the irrevocable trust.
In early 2016, the petitioner and Ann authorized the transfer of more than $500,000 from the living trust to the irrevocable trust. Ann died on March 7, 2017.
In October 2017, the petitioner commenced this proceeding, inter alia, pursuant to SCPA 2107 for advice and direction, requesting to undo the transfer of funds from the living trust to the irrevocable trust. The petitioner claimed that the transfer was made in error and based upon the erroneous advice of a financial advisor. Matthew Reynolds and Joseph Reynolds (hereinafter together the appellants) filed an answer, objections, and a jury demand. The appellants also filed a cross petition seeking, inter alia, the removal of the petitioner as the trustee of the irrevocable trust.
Following discovery, the petitioner moved for summary judgment, arguing that the documentary evidence established that she and Ann had intended for a new account to be established in the name of the living trust, and that the Surrogate's Court possessed the equitable power to undo the erroneous transfer. The appellants opposed the motion and cross-moved, inter alia, for summary judgment dismissing the petition. In an order dated November 15, 2019, the Surrogate's Court, inter alia, granted the petitioner's motion and denied the appellants' cross motion. The appeal is from so much of the order as granted the petitioner's motion for summary judgment.
Summary judgment should not be granted where there is any doubt as to the existence of a triable issue of fact (see Rotuba Extruders v Ceppos, 46 NY2d 223, 231). Upon a motion for summary judgment, the court's function is one of issue finding rather than issue determination (see Sillman v Twentieth Century-Fox Film Corp., 3 NY2d 395, 404). "It is not the function of a court . . . to make credibility determinations or findings of fact, but rather to identify material triable issues of fact (or point to the lack thereof)" (Vega v Restani Constr. Corp., 18 NY3d 499, 505; see T. Mina Supply, Inc. v Clemente Bros. Contr. Corp., 194 AD3d 879, 881).
Here, in opposition to the petitioner's prima facie showing of entitlement to judgment as a matter of law, the appellants raised triable issues of fact as to whether the petitioner and Ann had intended to make a transfer to the irrevocable trust. Accordingly, the Surrogate's Court should have denied the petitioner's motion for summary judgment.
The appellants' remaining contentions either are without merit or need not be reached in light of our determination.
LASALLE, P.J., RIVERA, ROMAN and DOWLING, JJ., concur.
ENTER:
Maria T. Fasulo
Clerk of the Court