| **Youdelman v 857 Union LLC** |
|:---:|
| 2026 NY Slip Op 30674(U) |
| February 19, 2026 |
| Supreme Court, Kings County |
| Docket Number: Index No. 502465/2024 |
| Judge: Reginald A. Boddie |
| Cases posted with a "30000" identifier, i.e., 2013 NY Slip Op 30001(U), are republished from various New York State and local government sources, including the New York State Unified Court System's eCourts Service. |
| This opinion is uncorrected and not selected for official publication. |

At an IAS Part 95 of the Supreme Court of the State of New York, held in and for the County of Kings, at the Courthouse, located at 360 Adams Street, Borough of Brooklyn, City and State of New York on the 19th day of February 2026.

P R E S E N T:
Honorable Reginald A. Boddie
Justice, Supreme Court

-------------------------------------------------------------------------x

SUSAN YOUDELMAN,

              Plaintiff,

        -against-

857 UNION LLC, 857 UNION ASSOCIATES LLC
and BCB PROPERTY MANAGEMENT, INC.,

             Defendants.

Index No. 502465/2024

Cal. No. 1      MS 2

**Decision and Order**

-------------------------------------------------------------------------x

The following e-filed papers read herein:     NYSCEF Doc Nos.
MS 2                                             32-52

The motion by plaintiff seeking summary judgment on the issue of liability is decided as follows:

### Background

This action arises from an alleged trip-and-fall accident on December 8, 2023, in which plaintiff claims she was injured after tripping on an uneven and raised sidewalk adjacent to the premises located at 857 Union Street in Brooklyn, New York. By Default Judgment Order dated March 17, 2025, Hon. Robin K. Sheares granted plaintiff's motion for default judgment, held defendant BCB Property Management, Inc. in default, and directed that an inquest be conducted at the time of trial.

1

Plaintiff now moves for summary judgment pursuant to CPLR 3212 on the issue of liability against defendants 857 Union LLC and 857 Union Associates LLC, contending that a hazardous sidewalk defect abutting defendants' property caused her fall, that defendants had constructive notice of the condition, and that defendants as owners had a non-delegable statutory duty under NYC Administrative Code § 7-210 to maintain the sidewalk in a reasonably safe condition. Plaintiff relies on photographic evidence, deposition testimony, and an unrebutted engineer's affidavit, and argues that any comparative negligence does not bar summary judgment.

In opposition, defendants argue that triable issues of fact exist as to causation and comparative negligence, emphasizing that the accident was unwitnessed, and that plaintiff was familiar with the area and admitted she was not looking down prior to the fall, which defendants contend raises credibility and questions for the jury.

In reply, plaintiff argues that defendants fail to raise any material issue of fact, asserting that defendants admit ownership and responsibility for the sidewalk and do not meaningfully dispute the hazardous nature of the defect. Plaintiff argues that defendants' reliance on credibility is legally insufficient, that an unwitnessed accident does not preclude summary judgment, and that any comparative negligence goes only to damages and does not defeat liability as a matter of law.

### Discussion

It is well established that summary judgment is a drastic remedy and should not be granted where there is any doubt as to the existence of a material and triable issue of fact (*T. Mina Supply v Clemente Bros. Contr. Corp.*, 194 AD3d 879, 881 [2d Dept 2021]). Once the proponent has made a prima facie showing, the burden then shifts to the motion's opponent to present evidentiary facts in admissible form sufficient to raise a genuine, triable issue of fact (*Zuckerman v City of New York*, 49 NY2d 557, 562 [1980]). If there is any doubt as to the existence of a triable fact,

2

[* 2]

the motion for summary judgment must be denied (*Rotuba Extruders v Ceppos*, 46 NY2d 223, 231 [1978]). Upon a motion for summary judgment, the court's function is one of issue finding rather than issue determination (*id. citing Sillman v Twentieth Century-Fox Film Corp.*, 3 NY2d 395, 404 [1957]). "It is not the function of a court . . . to make credibility determinations or findings of fact, but rather to identify material triable issues of fact (or point to the lack thereof)" (*Vega v Restani Constr. Corp.*, 18 NY3d 499, 505[2012] [citation omitted]).

"By its terms, [s]ection 7-210 unambiguously imposes a duty upon owners of certain real property to maintain the sidewalk abutting their property in a reasonably safe condition, and provides that said owners are liable for personal injury that is proximately caused by such failure" (*Xiang Fu He v Troon Mgt., Inc.*, 34 NY3d 167, 171 [2019] [citation and internal quotation marks omitted]). Administrative Code § 7-210 thus imposes a nondelegable duty upon owners of real property abutting a sidewalk, but it does not impose such a duty upon mere users of the premises (*see id.*).

Here, plaintiff has established her prima facie entitlement to summary judgment on the issue of liability. The record demonstrates that defendants owned the premises abutting the subject sidewalk and were therefore charged, pursuant to Administrative Code § 7-210, with a non-delegable duty to maintain the sidewalk in a reasonably safe condition. Plaintiff submitted admissible evidence establishing the existence of a hazardous sidewalk defect, including photographs, deposition testimony from defendants' witness acknowledging the raised sidewalk flag constituted a tripping hazard, and an unrebutted expert affidavit opining that the condition violated applicable codes and developed over an extended period of time.

Additionally, plaintiff established defendants' constructive notice of the hazardous condition, which defendants do not meaningfully dispute. Plaintiff's expert opined that the raised

3

[* 3]

sidewalk flag developed over months or years and therefore existed for a sufficient period of time to have been discovered upon reasonable inspection. Defendants' own testimony further established that the sidewalk was regularly traversed and inspected, yet no repairs were undertaken, demonstrating that the condition was visible and apparent and existed long enough to charge defendants with constructive notice.

In opposition, defendants failed to raise a triable issue of fact sufficient to defeat summary judgment. Defendants do not meaningfully dispute ownership, responsibility for sidewalk maintenance, or the hazardous nature of the defect. Nor do they submit any competing expert affidavit challenging plaintiff's expert. Instead, defendants rely primarily on the fact that the accident was unwitnessed and plaintiff's testimony that she was looking straight ahead rather than down at the sidewalk. It is also well established that "[t]o be entitled to partial summary judgment a plaintiff does not bear the ... burden of establishing ... the absence of his or her own comparative fault" (*Balladares v City of New York*, 177 AD3d 942, 943 [2d Dept 2019] [citations omitted]). Accordingly, as defendants failed to raise any material issue of fact as to breach, notice, or causation, plaintiff's motion for summary judgment on liability is granted.

## Conclusion

Based on the foregoing, plaintiff's motion for summary judgment is granted. Any arguments not expressly addressed herein were considered and deemed to be without merit or unnecessary to address given the court's determination.

ENTER:

_____
Honorable Reginald A. Boddie
Justice, Supreme Court

**HON. REGINALD A. BODDIE**
**J.S.C.**

4