Moscoso v Upward Mobility Limousine, Inc.

2026 NY Slip Op 02400

April 22, 2026

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This decision is uncorrected and subject to revision before publication in the Official Reports.

Daysi Selena Moscoso, appellant,

v

Upward Mobility Limousine, Inc., et al., respondents.

Supreme Court of the State of New York, Appellate Division, Second Judicial Department

Decided on April 22, 2026

2024-09057, (Index No. 712512/20)

Lara J. Genovesi, J.P.

Linda Christopher

Lillian Wan

Donna-Marie E. Golia, JJ.

Law Offices of Costas M. Eliades, P.C., New York, NY, for appellant.

Nancy L. Isserlis (Zweig Law Firm P.C., Cedarhurst, NY [Jonah S. Zweig and Daniel Feldman], of counsel), for respondents.

[*1]

DECISION & ORDER

In an action to recover damages for personal injuries, the plaintiff appeals from an order of the Supreme Court, Queens County (Ulysses B. Leverett, J.), dated May 15, 2024. The order denied the plaintiff's motion for summary judgment on the issue of liability and dismissing the defendants' affirmative defenses alleging comparative negligence.

ORDERED that the order is affirmed, with costs.

The plaintiff commenced this action to recover damages for personal injuries she allegedly sustained when the defendants' vehicle struck her as she walked toward the rear driver's side door of her vehicle. In December 2023, the plaintiff moved for summary judgment on the issue of liability and dismissing the defendants' affirmative defenses alleging comparative negligence, contending that the defendant Barry W. LeCount (hereinafter the defendant driver) was solely at fault in the happening of the accident. The defendants opposed the motion. In an order dated May 15, 2024, the Supreme Court denied the plaintiff's motion. The plaintiff appeals.

"'A plaintiff in a negligence action moving for summary judgment on the issue of liability must establish, prima facie, that the defendant breached a duty owed to the plaintiff and that the defendant's negligence was a proximate cause of the alleged injuries'" (Yentel v Lauer, 239 AD3d 1027, 1027, quoting Tsyganash v Auto Mall Fleet Mgt., Inc., 163 AD3d 1033, 1033-1034; see Rodriguez v City of New York, 31 NY3d 312, 324-325). "A plaintiff is no longer required to show freedom from comparative fault in establishing his or her prima facie case" (Tsyganash v Auto Mall Fleet Mgt., Inc., 163 AD3d at 1034; see Rodriguez v City of New York, 31 NY3d at 324-325). "Nonetheless, the issue of a plaintiff's comparative negligence may be decided in the context of a motion for summary judgment where, as here, the plaintiff moves for summary judgment dismissing an affirmative defense alleging comparative negligence" (Yentel v Lauer, 239 AD3d at 1027-1028; see Farooq v Uber USA, LLC, 235 AD3d 846, 846-847).

Here, the plaintiff failed to meet her prima facie burden, as she failed to eliminate all triable issues of fact as to whether the defendant driver could have seen her prior to the accident and taken evasive action and whether she was at fault in the happening of the accident (see Uhteg v Kendra, 200 AD3d 1695, 1698-1699; Fitch v Lee, 200 AD3d 651, 652; Garrido v Puente, 114 AD3d [*2]722, 723). In support of her motion, the plaintiff submitted, inter alia, a transcript of her deposition testimony. The plaintiff testified that she stepped into the street from behind her vehicle, which was parked in the middle of a long block, that "[a]s soon as like [she] walked out . . . [she] was about to open the door and the car hit [her]," and that she did not see the defendants' vehicle prior to the impact. The plaintiff failed to provide any details as to how long she was at the rear driver's side door of her vehicle or as to how long it took her to reach the rear driver's side door of her vehicle. Nor did she offer any testimony describing the conditions of the subject roadway and the manner in which her vehicle was parked at the time of the accident. Since the plaintiff failed to meet her prima facie burden, we need not consider the sufficiency of the defendants' opposition papers (see Winegrad v New York Univ. Med. Ctr., 64 NY2d 851, 853).

Accordingly, the Supreme Court properly denied the plaintiff's motion for summary judgment on the issue of liability and dismissing the defendants' affirmative defenses alleging comparative negligence.

In light of the foregoing, the parties' remaining contentions need not be reached.

GENOVESI, J.P., CHRISTOPHER, WAN and GOLIA, JJ., concur.

ENTER:

Darrell M. Joseph

Clerk of the Court